## A00A1083. ROOKS v. THE STATE.
### (538 SE2d 555)

MILLER, Judge.

On June 12, 1989, with the assistance of counsel, Christopher Shawn Rooks entered a negotiated guilty plea to possession of cocaine.[1] His five-year sentence was to be served on probation, upon payment of $110 in court costs and the performance of 180 hours of community service. On May 10, 1999, Rooks filed a pro se petition for post-conviction relief, moving the court to vacate the judgment of conviction on the ground that the record fails to show that Rooks entered his guilty plea voluntarily and intelligently. The denial of that motion is the sole enumeration of error in this direct appeal. We affirm.

1. The only prescribed means for Rooks to move to withdraw his 1989 guilty plea, after the term of court at which the judgment of conviction was rendered, was through habeas corpus proceedings.[2] Rooks' motion for relief could be interpreted as one seeking to withdraw his guilty plea.

OCGA § 17-7-93 (b) permits a defendant to withdraw a

---

[10] *Laney v. State*, 271 Ga. 194, 198 (9) (515 SE2d 610) (1999).

[11] *Singleton v. State*, supra, 231 Ga. App. at 696 (3).

[1] On the jacket of the indictment, an order of nolle prosequi was entered on a second count, alleging possession of a firearm during the commission of a felony.

[2] *Cook v. State*, 230 Ga. App. 507 (496 SE2d 785) (1998). Since Rooks appears to be a federal inmate detained outside of Georgia, jurisdiction and venue for state habeas proceedings are proper in the sentencing court. *Craig v. State*, 234 Ga. 398, 399 (216 SE2d 296) (1975).

guilty plea as a matter of right before sentence is pronounced. Even after sentencing, the trial court has the discretion to allow the withdrawal of the plea prior to the expiration of the term of court in which the sentence was entered.[3]

Here, the trial court correctly concluded it had no authority to grant any motion to withdraw Rooks' guilty plea, since the motion was filed some ten years after the expiration of the term of court in which the judgment of conviction on that plea was entered.[4]

2. The trial court concluded that the sentence was not void and that Rooks was not entitled to habeas corpus relief. We pretermit whether a person not in the custody of the State of Georgia under the challenged sentence is entitled to habeas corpus relief at the state level and consider the merits of this ruling.[5]

3. Where the voluntariness of the guilty plea is challenged, there must be

a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.[6]

Contrary to Rooks' contentions, the verbatim record of his guilty plea hearing demonstrates that Rooks was informed that the possible sentence for possession of cocaine was not less than two years nor more than fifteen years in the state penitentiary; that by pleading guilty Rooks was giving up his right to a jury trial where the State would have to prove his guilt beyond a reasonable doubt; that Rooks would not have to testify or produce any evidence against himself; that he was giving up his right to cross-examine the witnesses against him and his right to subpoena witnesses in his behalf; and that he pled guilty to possession of cocaine because he was in fact guilty, in that he admitted in open court that he had been in possession of cocaine.

Rooks' counsel affirmed that Rooks understood the charges against him and that Rooks was entering his plea freely and volunta-

---

[3] (Citations and punctuation omitted.) *Grice v. State*, 236 Ga. App. 379, 380 (511 SE2d 909) (1999).

[4] *Cook v. State*, supra, 230 Ga. App. 507.

[5] See *Parris v. State*, 232 Ga. 687, 689-690 (208 SE2d 493) (1974) (habeas petition not necessarily moot even if petitioner no longer in custody, if adverse collateral consequences flow from the adjudication of guilt).

[6] (Citations omitted.) *Green v. State*, 265 Ga. 263 (1) (454 SE2d 466) (1995).

rily. Rooks affirmed that he was satisfied with counsel's representation. Rooks further confirmed that he had not been threatened in any way into pleading guilty, and no one had promised him anything except the district attorney's sentencing recommendation of probation and a fine. Rooks was not under the influence of any drugs, alcohol, or prescription medicines at that time. He could read, write, and understand English. In the face of direct inquiry by the court, Rooks had no questions, did not mention any matters he claimed he did not understand, and desired no further explanation.

We hold that the trial court adequately established on the record that Rooks entered his guilty plea to possession of cocaine voluntarily and with an understanding of both the nature of the charge against him and the consequences of his plea.[7]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 24, 2000.

Christopher S. Rooks, *pro se.*
Peter J. Skandalakis, *District Attorney*, for appellee.