## A01A1054. SWAN v. THE STATE.
### (553 SE2d 383)

MIKELL, Judge.

Ricky Swan entered a guilty plea to two counts of aggravated assault and two counts of theft by taking. He subsequently filed a pro se motion to withdraw his plea, contending that his trial counsel rendered ineffective assistance and that, as a result, his plea was not intelligently and voluntarily entered. We disagree and affirm.

1. To prevail on his ineffective assistance claim, Swan must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's deficiencies, he would not have pleaded guilty. A trial court's finding that counsel has rendered effective assistance will not be disturbed on appeal unless it is clearly erroneous. *Martin v. State*, 268 Ga. 584, 585 (492 SE2d 223) (1997).

Evidence adduced at the hearing on the motion to withdraw amply supports the court's finding that trial counsel's representation "was in no manner ineffective." Swan testified that trial counsel advised him to take the plea because the state intended to offer his confession into evidence and his chances of winning at trial were poor. Swan testified that one of the victims, who had been sworn in as a witness, would have established his innocence. On cross-examination, Swan admitted that at the plea hearing, he swore under oath that he was guilty; that he was satisfied with his attorney's services; that he entered a negotiated plea and was aware of the sentence the court intended to impose; and that the court gave him an opportunity to withdraw his plea prior to entering sentence. In his appellate brief, Swan maintains that trial counsel used "trickery" in advising him to plead guilty, but Swan has failed to offer any evidence that counsel's performance was deficient. Therefore, Swan did not overcome the presumption that trial "counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment." (Punctuation omitted.) *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987).

2. Based on our holding in Division 1, we reject Swan's argument that his guilty plea was not intelligently and voluntarily entered because of his counsel's performance. The trial court's denial of a motion to withdraw a guilty plea is a matter within the court's sound discretion and will not be disturbed on appeal unless manifestly abused. *Dalton v. State*, 244 Ga. App. 203, 205-206 (2) (534 SE2d 523) (2000); *Ellis v. State*, 240 Ga. App. 498, 501 (2) (523 SE2d 914) (1999). The court did not abuse its discretion in denying Swan's motion to withdraw his guilty plea.

3. A knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown. *Sample v. State*, 232 Ga. App. 690, 693 (2) (503 SE2d 576) (1998). Accordingly, Swan has waived his enumerated errors challenging the sufficiency of the evidence and the voluntariness of his confession. *Johnson v. State,* 247 Ga. App. 157, 165 (13) (f) (543 SE2d 439) (2000).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 3, 2001.

Ricky Swan, *pro se.*

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.