A02A0118. YOUNG v. THE STATE.
(562 SE2d 231)

PHIPPS, Judge.

After pleading guilty to one count of aggravated assault, Glenward Young filed a motion to withdraw the plea or, in the alternative, for a lighter sentence, arguing that he had received ineffective assistance of counsel. The trial court denied the motion, finding that counsel was effective and that Young's guilty plea was entered knowingly and voluntarily. Young appeals, but we affirm because the trial court did not err.

Young was charged with aggravated assault for stabbing his wife with a knife. With the assistance of appointed counsel, he entered a nonnegotiated plea of guilty. The trial court sentenced Young to the maximum sentence of 20 years in prison after considering his multiple prior convictions for crimes of domestic violence. Young obtained new counsel and filed a "Motion to Withdraw Guilty Plea or Alternatively for Reduction of Sentence," arguing that his appointed counsel had been ineffective by misrepresenting the terms of his guilty plea. After an evidentiary hearing, the trial court denied the motion.

Young then filed a timely pro se notice of appeal. For reasons

that are not clear from the record, the case was not transmitted to or docketed in this court. Young filed additional documents in the trial court, including a pro se extraordinary motion for new trial which again sought to withdraw his guilty plea, this time arguing that he was innocent of the charge to which he had pled guilty.

At the hearing on the extraordinary motion for new trial, the prosecutor reminded the trial court that Young had filed a notice of appeal. The court ruled that the notice of appeal divested it of jurisdiction and declined to entertain the motion. Young's appeal from the denial of his motion to withdraw the guilty plea was then docketed in this court.

1. Young claims that his guilty plea was not intelligently and voluntarily entered because his trial counsel misled him about the consequences of the plea. To prevail on this claim, Young must show that counsel's performance fell below an objective standard of reasonableness and that, but for the deficiency, he would not have pled guilty.[1] We will not disturb a trial court's finding that counsel's performance was not deficient unless it is clearly erroneous.[2]

The evidence at the hearing on the motion to withdraw the guilty plea showed that the prosecutor made Young an offer, through his attorney, to accept a guilty plea in exchange for a sentence of twenty years, with ten to serve. Dissatisfied with this offer, Young asked his attorney if there was "any way around" the prosecutor. According to Young, his attorney told him he could do a "blind plea," in which he would plead guilty and receive a sentence from the judge, without a recommendation from the prosecutor. Young testified that his attorney promised him that if he obtained certain "paperwork" showing his eligibility for drug treatment, the judge would sentence him to time served plus probation, and he would be released to a rehabilitation program. Young testified that he had not understood that the judge could sentence him to 20 years.

The prosecutor impeached Young with the waiver of rights form that he had signed in connection with his guilty plea, which stated that he knew he could receive a sentence of up to 20 years.[3] The prosecutor also impeached Young with the transcript of his guilty plea hearing, at which he had said that he understood that his sentence would be determined by the judge and that he faced a possible punishment of 20 years in prison. In addition, Young's trial counsel testified that although she had not expected Young to receive the maximum sentence, she never promised him he would receive any

---

[1] *Swan v. State*, 251 Ga. App. 80 (1) (553 SE2d 383) (2001).

[2] See id.

[3] Young testified that he did not read the form before signing it, but his attorney testified that she had read it aloud to him.

particular sentence in exchange for his guilty plea. The trial court found that Young had had no realistic belief that he would avoid prison time by pleading guilty and that his attorney had not misled him as to the sentence he would receive.

The trial court obviously did not believe Young's testimony that he was deceived, and we cannot say that this credibility determination was clearly erroneous. Young failed to show ineffective assistance of counsel.

2. Young argues that the court should have allowed him to withdraw his guilty plea. After sentence has been pronounced, the withdrawal of a guilty plea lies within the sound discretion of the trial court, and we will not disturb the court's decision absent a manifest abuse of discretion.[4] The sole basis for Young's motion to withdraw the plea was ineffective assistance of counsel. As the trial court did not err in finding no ineffective assistance, it follows that the court did not err in denying the motion to withdraw the plea.

Young also claims that he is innocent of the charge against him and that there was insufficient evidence with which to try him. But Young overlooks the fact that he pled guilty, admitting at the plea hearing that he "in fact did do the act that is described in [the] indictment" and that he was "factually guilty." The trial court found that there was a factual basis for the plea and that Young entered it freely, voluntarily, and knowingly. Young provides no basis for disturbing these findings of the trial court and therefore no basis for withdrawing the guilty plea.

3. Young contends that the trial court erred by failing to hear argument and evidence on his extraordinary motion for new trial. The trial court correctly ruled that it could not consider Young's extraordinary motion because he had earlier filed a notice of appeal. "A notice of appeal divests the trial court of jurisdiction to alter a judgment while [an] appeal of that judgment is pending."[5] Nor is Young's extraordinary motion properly before this court, as it was filed after the notice of appeal and therefore is not encompassed in this appeal.

Even if Young's extraordinary motion were properly before this court, he would not be entitled to relief. The trial court could not have granted him a *new* trial when he had never had a first one. Young's motion was merely another attempt to undo his guilty plea, this time on the basis of alleged "newly discovered evidence" of his innocence. Young claimed that his wife had told hospital personnel at the outset that the stabbing had been accidental and that she was now repudi-

---

[4] *Wilcox v. State*, 236 Ga. App. 235, 236 (1) (511 SE2d 597) (1999).
[5] (Citation omitted.) *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001).

ating any statements she later made to the contrary. But as the trial court pointed out, this evidence was not "new" because it existed at the time of the guilty plea. Moreover, Young knew about this evidence because the prosecutor told the court during the guilty plea hearing that Young's wife initially had said the stabbing was an accident. Thus, the extraordinary motion for new trial provided no basis for withdrawing the guilty plea.

4. Young has filed a "Motion for Contempt of This Court to Issue and Other Sanctions Against the Prosecutor for Fraud Upon the Court." He argues that the prosecutor failed to file a timely response brief, failed to submit a victim's affidavit as allegedly required by this court, and made "perjurious misstatements of material fact" in his brief. Having reviewed the record, we conclude this motion lacks merit, and we therefore deny it.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 14, 2002.

Glenward Young, *pro se.*
*David McDade, District Attorney*, for appellee.