## A02A1585. ZELLMER v. THE STATE.
(571 SE2d 174)

ELDRIDGE, Judge.

Indicted for malice murder (Count 1), felony murder (Count 2), and armed robbery (Count 3), Michael Todd Zellmer entered a negotiated guilty plea to voluntary manslaughter under Count 2 and armed robbery under Count 3; the State nolle prossed Count 1.[1] He was sentenced within the confines of the negotiated sentence to 14 years on the voluntary manslaughter conviction and 20 years on the armed robbery, to be served consecutively. Thereafter, Zellmer filed a motion to withdraw his guilty plea based on ineffective assistance of counsel, which motion, after a lengthy hearing, was denied. He appeals pro se from such denial, contending that his guilty plea was entered under duress; he received ineffective assistance of counsel; the trial court improperly refused to consider issues and evidence raised at the motion to withdraw his plea; and that the evidence was insufficient to demonstrate guilt. Upon review of these claims of error, we affirm.

---

[1] Prior to the entry of Zellmer's plea, the State tried Zellmer's co-defendant, Robert Charles Spickler, Jr., on the same charges, seeking the death penalty during that trial. The jury found Spickler guilty and, following the penalty phase of the trial, returned a life sentence. The same judge presided at Spickler's trial and at the entry of Zellmer's guilty plea.

1. "A knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown."[2] Accordingly, we will not consider Zellmer's challenge to the sufficiency of the evidence against him.[3] We do note, however, that a factual basis for Zellmer's plea was established on the record by virtue of the introduction of Zellmer's confession to his participation in the acts as indicted, as well as by the trial judge's familiarity with the case from the trial of Zellmer's co-defendant.[4]

2. Both independently and as the basis for a claim of ineffective assistance of counsel, Zellmer contends that his guilty plea was entered under duress when, on the day of trial, his attorney informed him that the State's prior plea recommendation to life on the murder charge had been reduced to voluntary manslaughter — with a recommended sentence cap of no more than life for a plea on both voluntary manslaughter and the armed robbery count of the indictment. Apparently, Zellmer's defense counsel advised him to accept the plea and discussed with him the various legal ramifications that going to trial might engender. From this, Zellmer contends that "[t]his last minute plea offer placed Appellant Zellmer was [sic] under extreme mental duress and pressure when he considered taking the advice of counsel"; and, "Counsel gave Appellant ten (10) minutes to make a decision about the rest of his life."

"[A] ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion."[5] Further, "[t]o prevail on his ineffective assistance of counsel claim, [Zellmer] must show that his lawyer's performance was deficient and that, but for [his] errors, there is a reasonable probability he would have insisted on going to trial."[6]

In that regard, we have reviewed the lengthy plea colloquy between the trial court, the State, defense counsel, and appellant Zellmer. We have also reviewed the testimony of defense counsel on this issue given at the motion to withdraw. We find no factual basis for Zellmer's claim of duress, either substantively or as a predicate to a claim of ineffective assistance of counsel.

Contrary to Zellmer's contentions, the record shows and the attorney's testimony establishes that Zellmer had hours to consider the negotiated plea offer; half a day, in fact. During the plea, itself, the court repeatedly asked Zellmer whether he wished to discontinue the plea process and whether he needed more time with his attorney;

[2] *Swan v. State*, 251 Ga. App. 80, 81 (3) (553 SE2d 383) (2001).
[3] Id.
[4] See *Golden v. State*, 190 Ga. App. 477, 478 (379 SE2d 230) (1989).
[5] *Thomas v. State*, 234 Ga. App. 652, 653 (1) (507 SE2d 523) (1998).
[6] *Ellis v. State*, 272 Ga. 763, 764 (1) (534 SE2d 414) (2000).

Zellmer repeatedly answered both questions in the negative. The record shows that defense counsel discussed extensively with Zellmer the offer, its ramifications, and the potential results of going to trial. Defense counsel recommended Zellmer take the State's offer in light of the charges he faced, his confession, and the results of his co-defendant's earlier trial on the same offenses; however, the record is abundantly clear that counsel left the ultimate decision up to Zellmer. We cannot say counsel's advice and conduct were unreasonable under the circumstances. Instead, we find that any duress Zellmer may have experienced in making his decision to plea appears from the record to be due to the circumstances in which he found himself, and not because of "undue influence" and/or "intimidation" by his trial attorney.

We also soundly reject Zellmer's contention that defense counsel was "unprepared" for trial. This was originally a death penalty case.[7] Defense counsel was specifically selected because of his considerable expertise and experience. Counsel had years to prepare for trial, argued over 100 motions, discussed the case with Zellmer extensively, attended the earlier trial of Zellmer's co-defendant on the same charges, was engaged in jury selection at the time Zellmer decided to accept the State's plea offer, and testified at the hearing on the motion to withdraw that he was prepared for trial. Our review of the record only reinforces what the trial court concluded:

> So as far as the ineffectiveness of counsel, I deny your claim regarding that and find that their performance was superb, not just average, but superb.[8]

Zellmer's further contention that counsel was deficient because he failed to request a pre-sentence investigation cannot establish ineffective assistance of counsel when Zellmer fails to assert what such investigation would have revealed or what difference it would have made. "Error and prejudice must be shown in order to prevail on a claim of ineffective assistance of counsel."[9]

Lastly, defense counsel made it clear he told Zellmer that, in matters of parole, "you should assume you're going to serve all of the time you get, again, because parole is a game with no rules." Thus, with such preamble as background, any discussion with Zellmer regarding the possibility of parole in regard to the State's recom-

---

[7] The State filed a notice of intent to seek the death penalty in this case, which notice was subsequently withdrawn based on the jury's return of a life sentence in co-defendant Spickler's trial.

[8] Zellmer was appointed two defense attorneys; lead counsel, Marc Cella, testified at the motion to withdraw.

[9] *Fairbanks v. State*, 225 Ga. App. 666, 670 (4) (484 SE2d 693) (1997).

mended sentence provides no basis for a finding of ineffective assistance of counsel.[10]

In sum, Zellmer fails to establish either prong of the *Strickland v. Washington*[11] standard, i.e., error and prejudice. As such, we cannot find a manifest abuse of discretion on the part of the trial court in denying Zellmer's motion to withdraw his guilty plea on the basis of ineffective assistance of counsel or alleged duress in the entry of his plea.

3. Zellmer contends the trial court erred in failing to credit the testimony of a doctor Zellmer called to testify at the hearing as to his stressful mental state at the time of the entry of the guilty plea. However, the trial judge specifically found that such witness's testimony was not credible in light of both his own observations of Zellmer at the time of the entry of the plea and Zellmer's responses to the trial court at such time. In addition, the court relied upon defense counsel's testimony that Zellmer did not seem to be under undue stress; that Zellmer understood what he was doing; and that Zellmer's plea was, in defense counsel's opinion, knowingly and voluntarily entered. Accordingly, any contradiction in testimony "simply presented a matter of witness credibility, which the trial court was authorized to resolve against [Zellmer]."[12]

4. To the extent that Zellmer makes additional claims of error, we find that such are either unsupported by facts of record, unpreserved for appellate review, or that such claims attempt to inappropriately apply the Civil Practice Act to this criminal case. Accordingly, no basis for reversal is presented.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2002 —
RECONSIDERATION DENIED SEPTEMBER 11, 2002.

Michael T. Zellmer, *pro se.*

Patrick H. Head, *District Attorney,* Dana J. Norman, Russell J. Parker, *Assistant District Attorneys,* for appellee.

---

[10] *Ellis v. State,* supra at 764.
[11] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[12] *Pike v. State,* 245 Ga. App. 518, 522 (538 SE2d 172) (2000).