### A03A0064. JOHNSON v. THE STATE.
(581 SE2d 407)

MILLER, Judge.

Marco Johnson pled guilty under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), to numerous offenses and was sentenced to serve 20 years. Claiming that he did not act knowingly and voluntarily and that he received ineffective assistance of counsel, Johnson moved to withdraw his guilty plea. The trial court denied the motion, and Johnson now appeals. We affirm, holding that evidence supported the findings of the trial court that Johnson acted knowingly and voluntarily and that he did not carry his burden of showing ineffective assistance of counsel.

Johnson and a male companion were indicted on 17 counts of various sexual and related offenses, including child molestation, rape, statutory rape, aggravated sodomy, kidnapping, and other crimes. The offenses arose out of the men allegedly abducting young females and forcing them to engage in prostitution with other men and also to have sex with Johnson and his companion.

The evidence against Johnson was substantial and included his own confession, which led his attorney to seek a plea agreement to avoid the life-plus-30-year sentence Johnson's companion had received. The prosecutor initially offered ten years but withdrew that offer before Johnson accepted it. Johnson nevertheless decided to plead guilty under *North Carolina v. Alford*, supra, hoping that (based on his attorney's conversation with the judge's clerk) the judge would sentence him to the ten years initially offered.

At the plea hearing, the State informed Johnson of the charges and potential sentences. Johnson responded that he wanted to plead guilty under *Alford*. The prosecutor then queried Johnson to ensure he was acting voluntarily and knowingly. Johnson affirmed that he was acting freely and voluntarily and that he understood he was giv-

ing up his rights to a trial by jury, to confront the witnesses, to present evidence, to subpoena witnesses, to require the State to prove his guilt beyond a reasonable doubt, and to testify or to remain silent. He stated that his mind was functioning properly and that he was satisfied with his attorney. The prosecutor then described to the court the evidence underlying the charges and recommended that the court sentence Johnson to life in prison. Defense counsel urged the court to sentence Johnson to the ten years initially offered by the State.

The court announced it would be sentencing Johnson to 20 years in prison. Johnson's counsel asked for a bench conference, during which the court told counsel that Johnson could withdraw his guilty plea if he was not willing to accept the 20-year sentence. Johnson's counsel spoke to Johnson's family, who felt that Johnson should take the 20-year sentence. Concerned about the overwhelming evidence against his client and about the potential of multiple life sentences, Johnson's counsel discussed his view of the evidence with Johnson, discussed the family's recommendation, and counseled Johnson to take the 20 years — but also told him he could withdraw the plea and proceed to trial if he so desired. Johnson's counsel testified that he was prepared to defend the case vigorously.

Johnson told his counsel he wanted to maintain his guilty plea and accept the 20-year sentence. The court reconvened the hearing and asked both Johnson and his counsel on the record if Johnson wished to proceed with the guilty plea in light of the court's intent to sentence Johnson to 20 years. Both responded in the affirmative. Finding that Johnson was acting freely and voluntarily, the court accepted the plea and sentenced Johnson to 20 years.

Johnson shortly thereafter moved to withdraw his guilty plea on the grounds that the plea was not voluntarily, freely, and intelligently given. He challenged the competence of his counsel, whom he accused of coercing him. The court conducted a hearing on the motion and determined that Johnson voluntarily and knowingly entered a guilty plea and that Johnson's testimony at the hearing (to the effect that he was never told he could withdraw his plea after learning of the judge's intent to sentence him to 20 years) was incredible, and therefore the court denied the motion. Johnson appeals, claiming that the court erred in denying his motion to withdraw the guilty plea.

1. In his first two enumerations, Johnson argues that since the evidence showed that he did not enter the guilty plea knowingly and voluntarily, the court should have granted his motion to withdraw the guilty plea. Specifically, Johnson contends that he was coerced into accepting the guilty plea by the impending trial, by his family, and by his attorney, who he felt was unwilling to try the case if he pled "not guilty."

Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. *Wetherington v. Carlisle*, 273 Ga. 854, 855 (547 SE2d 559) (2001). The State may do this by showing through the record of the guilty plea hearing that "(1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea." (Citations and punctuation omitted.) *Green v. State*, 265 Ga. 263 (1) (454 SE2d 466) (1995). There must be a showing that the defendant made an articulated waiver of the three *Boykin* rights (right to trial by jury, privilege against self-incrimination, and right to confront one's accusers). *Britt v. Smith*, 274 Ga. 611, 612 (556 SE2d 435) (2001).

With regard to our standard of review, "[a] ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion." (Punctuation and footnote omitted.) *Zellmer v. State*, 257. Ga. App. 346, 347 (2) (571 SE2d 174) (2002). The trial court is free to determine the credibility of the witnesses at the hearing on the matter. Id. at 349 (3).

Here the record showed that the State fully informed Johnson of the charges against him and their potential sentences, and that Johnson expressly waived the three *Boykin* rights as well as other rights. He stated that he was not being coerced into entering the plea, that he was satisfied with his attorney, and that he wanted to proceed with the guilty plea even in light of the court's intent to sentence him to 20 years. Therefore, the evidence supported the trial court's finding that Johnson entered the plea voluntarily, knowingly, and intelligently. See *Rooks v. State*, 245 Ga. App. 655, 656-657 (3) (538 SE2d 555) (2000). We decline Johnson's invitation to hold that the recommendations of his family and counsel to accept the plea constituted coercion as a matter of law. Duress is a question of fact for the trial court to resolve, whose decision we will only reverse if it constitutes an abuse of discretion. See *Zellmer*, supra, 257 Ga. App. at 347-349 (2); see also *Smith v. State*, 254 Ga. App. 832, 833 (563 SE2d 923) (2002). We discern no abuse here and specifically reject (as contradicted by the record) Johnson's suggestion that his trial counsel was unwilling to proceed to trial. The trial court did not err in denying Johnson's motion to withdraw his guilty plea on these grounds.

2. Johnson argues that he received ineffective assistance of counsel in that his counsel allegedly gave him confusing advice as to the length of the sentence he would be receiving and failed to inform him of the opportunity to withdraw his plea before final sentencing.

To show ineffective assistance of counsel, a defendant who

pleads guilty must show that his counsel erred and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999). The trial court's findings of fact are subject to a "clearly erroneous" standard of review. *Thomas v. State*, 254 Ga. App. 226, 230 (5) (561 SE2d 444) (2002).

Here the record supports the trial court's determination that Johnson was keenly aware of the 20-year sentence that the judge intended to impose and that counsel told him he could withdraw his guilty plea if he did not wish to accept that sentence. Evidence further showed that counsel did not indicate an unwillingness to defend the case diligently if a "not guilty" plea were entered. The trial court did not clearly err in finding that the evidence of ineffective assistance of counsel was insufficient to justify allowing Johnson to withdraw his guilty plea. See *Harpe v. State*, 254 Ga. App. 458, 459-460 (1) (562 SE2d 521) (2002).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 16, 2003.

*Lawrence Lewis*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.