A04A0752. DUDLEY v. THE STATE.
(596 SE2d 772)

ELDRIDGE, Judge.

Tracey Ricky Dudley appeals from the denial of his motion to withdraw a guilty plea he entered in the Superior Court of Chatham County to the offenses of obstruction and two counts of theft by shoplifting. In his sole claim of error, he contends he received ineffective assistance of counsel during the entry of his plea because his trial attorney failed to inform him that his plea was "open ended" as opposed to negotiated.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. Further, to prevail on his ineffective assistance of counsel claim, [Dudley] must show that his lawyer's performance was deficient and that, but for [his attorney's] errors, there is a reasonable probability he would have insisted on going to trial.[1]

In this case, the trial court denied the withdrawal motion, finding it "patently meritless" since the plea transcript showed that Dudley was well aware that the plea was "open ended"; that Dudley understood the consequences of his plea; and that Dudley entered his plea "freely, knowingly and voluntarily with full understanding that he was subject to the maximum sentence." The record supports the trial court's findings. The fact that the plea was "open ended" was mentioned at least twice during the plea colloquy, and one of those

---

[1] (Punctuation and footnotes omitted.) *Zellmer v. State*, 257 Ga. App. 346, 347 (2) (571 SE2d 174) (2002).

times was a statement by defense counsel that Dudley "says he's going to plead open ended." Dudley never contradicted that statement or indicated in any fashion during the plea hearing that he expected a negotiated sentence. In addition, Dudley's trial attorney testified at the motion hearing that Dudley knew the difference between a negotiated and nonnegotiated plea; that Dudley knew his plea was nonnegotiated; and that Dudley chose to enter a nonnegotiated plea rather than go to trial. Since the record supports the trial court's denial of Dudley's motion to withdraw on the informational basis urged, we find no manifest abuse of the court's discretion in so doing.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 17, 2004.

*Thomas J. Gustinella*, for appellant.

*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.