## A04A0331. HILL v. THE STATE.
(599 SE2d 307)

JOHNSON, Presiding Judge.

Tyrone Hill was indicted in Cobb County on September 23, 1999 on two counts of aggravated assault and one count of entering an automobile. On October 11, 2002, Hill entered a negotiated plea that included both charge and sentence bargaining. Upon his plea to entering an automobile, the state decided not to prosecute the two counts of aggravated assault. Hill was sentenced to five years in prison, to run concurrent with another, more lengthy unrelated sentence, in accordance with the negotiations between the state and his attorney.

Within the same term of court, Hill filed a pro se petition to withdraw his guilty plea. Hill alleged "he lacked a full and complete understanding of the charge, my right[s] and the implications of my plea." In particular he alleged that no one explained the charges, the possible pleas, and the arguable defenses to him. Hill also claimed that, since he was not informed of the maximum penalty, he was unaware of the consequences and "the immediate effect of the guilty plea."

The trial court appointed new counsel and heard evidence concerning the motion to withdraw Hill's guilty plea. Thereafter, the trial court denied Hill's request to withdraw his plea, specifically finding his "testimony that he was misled by his attorney to be wholly without credibility." Hill appeals from that decision, arguing that his attorney failed to inform him of the availability of certain witnesses and defenses to the charges which he faced until the day after he entered his plea.

"A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion."[1] When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily.[2] However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant

---

[1] (Citation and punctuation omitted.) *Zellmer v. State*, 257 Ga. App. 346, 347 (2) (571 SE2d 174) (2002).

[2] See *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996).

bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[3]

In this case, the record and plea transcript show compliance with the procedures required under Uniform Superior Court Rule 33 in order to establish that a guilty plea was knowing and voluntary. First, the trial court determined that Hill's plea was voluntary. Hill testified that he was forty years old and had completed two years of college. He denied any mental defect or the use of any mind-altering substances. In addition, Hill expressly stated that it was his choice to plead guilty and that no promises or threats had influenced that decision. Hill also acknowledged that he had had adequate time to confer with his attorney and that he was satisfied with his attorney's services. Second, the trial court elicited the nature of the charge and the maximum sentence it carried and enumerated all the rights that Hill waived by his decision to enter a plea. In each instance, Hill confirmed that he understood. Finally, the trial court heard the factual basis for the plea. It was alleged that Hill entered a 1987 Honda Accord intending to commit a theft. The owner of the car and his brother discovered Hill inside the car. The window of the car had been broken, and the radio had been removed from the dashboard. Although Hill struggled to avoid detention, the two men detained Hill until the police arrived. Hill did not deny that he was caught inside another person's car.

After the trial court accepts a plea based on these procedural safeguards, a defendant seeking to withdraw a plea must prove "that withdrawal is necessary to correct a manifest injustice."[4] Relying on *State v. Evans*,[5] Hill apparently contends that his case meets this standard because his attorney rendered ineffective assistance by not informing him of the availability of certain witnesses and defenses, which in turn resulted in his inability to decide intelligently whether to enter a plea. This argument, however, is not supported by the record, and the evidence to the contrary authorized the trial court to discredit Hill's claim.[6]

Hill's trial attorney testified that shortly after being appointed he obtained the file compiled by Hill's former attorney, including discovery materials and investigative reports. Thereafter, the trial attorney investigated the case further and discussed the evidence and plea offers with Hill on several occasions before trial. During

---

[3] See *Ellis v. State*, 272 Ga. 763, 764 (1) (534 SE2d 414) (2000); *Zellmer*, supra.

[4] Uniform Superior Court Rule 33.12 (A).

[5] 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

[6] See *Johnson v. State*, 242 Ga. App. 89, 92 (2) (528 SE2d 861) (2000).

their initial conferences, Hill insisted he had never been in the car. However, Hill "arrived at the observation that [five to serve . . . concurrent with what he already had] was probably the better way to go than going to trial." In his appointed attorney's opinion, Hill entered his plea "knowingly, intelligently and voluntarily," and the attorney expressly stated that he made no threats or promises to induce his client's plea.

Hill's appointed counsel further testified that before completing the plea, the attorney continuously advised Hill of the status of the witnesses against him. At first the attorney had difficulty contacting the victim's brother because he travels outside the country. However, when he finally contacted the witness, the witness was very cooperative, and his version of the events coincided with the investigator's reports in the file. The attorney relayed this information to Hill and also informed Hill that the victim refused to return the attorney's phone calls. According to the attorney, however, he personally confirmed before trial that the victim and his brother planned to testify, and the attorney knew that the state had subpoenaed both its witnesses. The appointed attorney further testified that, contrary to Hill's assertion, although he visited Hill in jail after the plea, the only subject he discussed with Hill concerned the bond posted as bail, not the availability of witnesses. The record belies Hill's claim that his trial attorney failed to inform him of the availability of the state's witnesses until after he had pled guilty.

Furthermore, even if Hill's trial attorney had neglected to inform Hill of the availability of the state's witnesses and his possible defenses, Hill has failed to provide this Court with any evidence showing that he would have chosen to proceed to trial had he known the information. At the hearing on his motion to withdraw the plea, Hill refused to disclose what, if any, defenses he had to the charge. He merely stated that his attorney "just misrepresented me and misinformed me about the case and his intentions." In addition, Hill never testified, nor does he assert in his brief, that he would have proceeded to trial if his attorney had disclosed to him that the state had potential witness problems.[7]

A thorough review of the record and the plea transcript, as well as a review of the hearing transcript on Hill's motion to withdraw his plea, reveals that Hill knowingly, intelligently, and voluntarily entered this guilty plea.[8] The trial court did not abuse its discretion in disregarding Hill's testimony that his appointed attorney misled him

---

[7] See *Johnson*, supra.

[8] See *Sibley v. State*, 249 Ga. App. 664, 665 (550 SE2d 104) (2001).

and in refusing to allow Hill to withdraw his plea.[9]
*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 11, 2004.

*Clarke & Anderson, James S. Anderson*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, H. Maddox Kilgore, Assistant District Attorneys*, for appellee.

