## A04A1393. FOSTER v. THE STATE.
### (604 SE2d 598)

JOHNSON, Presiding Judge.

A Fulton County grand jury indicted Russell Foster on two counts of first degree vehicular homicide based upon driving under the influence (DUI) and reckless driving, two counts of second degree vehicular homicide and five traffic offenses. Foster entered a guilty plea to first degree vehicular homicide based on reckless driving (Count 2) and reckless driving (Count 6), which merged into Count 2 for sentencing purposes. Subsequently, Foster filed a motion to withdraw his guilty plea, which the trial court denied. Foster appeals, alleging his trial counsel provided ineffective assistance and that, as a result, his plea was not intelligently and voluntarily entered. We disagree and affirm Foster's convictions.

"A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion."[1] When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently and voluntarily.[2] The state may do this by showing through the record of the guilty plea hearing that (1) the defendant freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the

---

[7] *Hawks v. State,* 223 Ga. App. 890, 892 (3) (479 SE2d 186) (1996), citing *Jefferson v. State,* 206 Ga. App. 544, 548 (5) (425 SE2d 915) (1992).

[1] (Punctuation and footnote omitted.) *Zellmer v. State,* 257 Ga. App. 346, 347 (2) (571 SE2d 174) (2002).

[2] See *Beck v. State,* 222 Ga. App. 168 (473 SE2d 263) (1996).

consequences of his plea.[3]

However, if the motion to withdraw is based on an ineffective assistance of counsel claim, a defendant who pleads guilty bears the burden of showing that his counsel erred and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.[4] The trial court's findings of fact are subject to a "clearly erroneous" standard of review.[5] And there is a presumption that counsel's advice to plead guilty fell within the wide range of reasonable professional conduct demanded of attorneys.[6]

In this case, Foster argues that he received ineffective assistance of counsel because his trial counsel advised him to plead guilty to a crime that the state could not prove beyond a reasonable doubt. Specifically, Foster maintains the state could not have proven the reckless driving charge. The record belies this claim.

"Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."[7] Here, the evidence shows that Foster was driving over the speed limit during rush hour traffic, that he took his eyes off the road to retrieve a cell phone that had fallen while he was on a call, that he swerved at least four feet over the solid white line and into the emergency lane, that he passed over rumble strips intended to alert a driver of his location on the road, that he scraped the side of a truck in the emergency lane, that he struck an officer standing inside the emergency lane, and that Foster's vehicle carried the officer approximately 90 feet away from where he was hit and sent the officer into and over the retaining wall. The officer was in uniform and his marked police vehicle had its blue lights flashing. The evidence further shows that after Foster struck the officer, he drove to the next overpass, parked, got out of the car and walked back to the crime scene. He was not aware he had hit anyone, and evidence shows that Foster did not take any evasive measures during the incident. Foster refused to take a blood test and, during the hour and a half the police car remained at the scene, fell asleep or passed out in the back seat of a patrol car.

The state further presented evidence of Foster's poor driving record, including convictions for DUI, speeding, disregarding signs or a traffic control device, driving with no proof of insurance, and being

---

[3] *Johnson v. State,* 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

[4] *Whitesides v. State,* 266 Ga. App. 281, 288 (4) (596 SE2d 706) (2004); *Ellis v. State,* 272 Ga. 763, 764 (1) (534 SE2d 414) (2000); *Zellmer,* supra.

[5] *Whitesides,* supra.

[6] See *Swan v. State,* 251 Ga. App. 80, 81 (1) (553 SE2d 383) (2001).

[7] OCGA § 40-6-390 (a).

declared a habitual violator. And, the state filed a recidivist notice based on Foster's prior convictions for robbery, burglary, aggravated assault, and a drug violation. Notwithstanding potentially conflicting evidence from other eyewitnesses, the evidence in the record would have been sufficient for a rational trier of fact to find Foster guilty beyond a reasonable doubt of reckless driving.[8]

In addition, the evidence in the record, including Foster's own testimony, shows that trial counsel did not advise Foster to plead guilty. That decision was made by Foster after consultation with his attorney regarding the strengths and weaknesses of his case. Foster's trial counsel testified at the hearing on the motion to withdraw Foster's plea that he represented Foster for two years on this case, and from the beginning expected to go to trial because there was no plea offer from the state. Foster made a last minute decision to enter a blind plea after the jury was impaneled because he knew that, based on his status as a recidivist, he could be facing a long maximum sentence if a jury found him guilty.

Foster further claims trial counsel was ineffective for advising him to remain silent at the guilty plea hearing although the trial judge based his sentence in part on the fact that Foster failed to explain his actions at the crime scene. Foster testified at the hearing on the motion to withdraw his plea that he swerved into the emergency lane and struck the officer because he had dropped his cell phone while on a call and was bending down to pick it up. Trial counsel advised Foster not to offer this explanation because he thought the explanation could have implicated Foster and might have made the case worse. According to trial counsel, this action would have just been one more circumstance, but not the deciding factor, in determining whether Foster's actions constituted reckless driving. Trial counsel's advice was not professionally unreasonable and does not provide a basis for an ineffective assistance of counsel claim.[9]

Moreover, regardless of the allegations raised in his motion to withdraw his plea, the transcript of Foster's plea hearing clearly shows that the plea was entered voluntarily and that Foster fully understood what he was doing at the time he pled guilty.[10] Prior to his plea, Foster's trial counsel and the state explained the effects of different maximum sentences and parole issues affecting the charge, explained the withdrawal of the recidivist notice, explained that

---

[8] See *English v. State*, 261 Ga. App. 157, 159 (2) (582 SE2d 136) (2003); *Allen v. State*, 177 Ga. App. 600, 602 (1) (340 SE2d 246) (1986).

[9] See *Thomas v. State*, 234 Ga. App. 652, 653 (1) (507 SE2d 523) (1998).

[10] See *Sibley v. State*, 249 Ga. App. 664, 665 (550 SE2d 104) (2001).

Foster was "putting yourself on the mercy of the court with the window being 3 years to 15 years," and explained the rights he was waiving by pleading guilty. In addition, the state specifically asked Foster if he was satisfied with the services rendered by his trial counsel, and Foster responded affirmatively. Foster also testified that he was not threatened or forced to enter his plea, and that no one promised him a specific sentence. He acknowledged that he was entering the plea freely and voluntarily. Foster also stipulated to the factual basis for the plea. Based on the appellate record, the trial court did not err in denying Foster's motion to withdraw his guilty plea.[11]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 2004.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.