A04A2331. CURTIS v. THE STATE.
(609 SE2d 171)

JOHNSON, Presiding Judge.

This is an appeal from the denial of a motion to withdraw a guilty plea. We find no error, and thus affirm the trial court's ruling.

In the fall of 2002, Eugene Curtis was arrested for various drug offenses. He retained counsel to represent him at a preliminary hearing, but Curtis fired that attorney and hired a second lawyer to represent him at a bond hearing. Curtis was subsequently indicted for sale of MDMA or "ecstasy," sale of cocaine, possession of codeine with intent to distribute, possession of cocaine, possession of marijuana with intent to distribute, possession of more than an ounce of marijuana, and being a recidivist.

On September 2, 2003, Curtis appeared in court with his third attorney, Tammy Stokes, to enter his not guilty plea to the indicted charges. But when the case came on for trial on October 21, 2003, Curtis appeared in court with both Stokes, who was prepared for trial, and Arthur Gibson, an attorney whom he had hired the previous week. Gibson told the court that although he was not prepared to go to trial, Curtis wanted to retain him and discharge Stokes. The court took a short recess to allow Curtis and the attorneys to confer, but stated that after the recess the trial would begin.

---

[11] *Boggs v. Madison County*, 240 Ga. App. 849, 851-852 (524 SE2d 252) (1999).

After a 15-minute break, Stokes told the court that Curtis was adamant that he wanted Gibson to represent him, so they had all agreed that Gibson would review Stokes' trial notebook while Stokes picked the jury and argued a similar transaction motion. Gibson would then handle the rest of the trial. The court agreed to the procedure, after which Curtis, upon questioning by Stokes and the court, acknowledged his understanding of the plea offer that had been made by the state and the sentencing range that he faced after a trial.

The court next held the similar transaction hearing. The state made its proffer as to Curtis' two prior convictions for possession of cocaine, and Stokes argued that the prior offenses should not be admitted because they had occurred some eleven years ago and they would unfairly put Curtis' character in issue. The court ruled that the similar transactions were admissible. After a brief recess, voir dire was conducted and a jury was selected. The court then took another recess for lunch.

When court reconvened over an hour later, Curtis' fourth attorney, Gibson, informed the court that Curtis had decided to change his plea to guilty. The state then made its showing of the factual basis for the drug charges. The court questioned Curtis about the plea, and he stated that it was voluntary, that he was satisfied with the services of his attorney, that he understood the charges and possible sentences and rights he was waiving, and that he was in fact guilty. The court accepted the guilty plea to the drug charges and imposed the negotiated sentence of ten years in confinement.

One month later, a fifth attorney filed a motion on behalf of Curtis to withdraw the guilty plea. The trial court denied the motion. A sixth attorney subsequently filed his appearance as Curtis' appellate counsel and filed the notice of appeal on Curtis' behalf. That attorney, however, is not representing Curtis in this appeal. Instead, Curtis is represented on appeal by his seventh and eighth attorneys.

1. Curtis complains that the trial court erred in not allowing him to withdraw his guilty plea on the ground that he was denied effective assistance of counsel. In support of this complaint, Curtis focuses his entire argument on attorney Stokes, contending that she abandoned him. But Curtis' arguments concerning Stokes are misplaced and irrelevant since she was not his attorney when he entered his guilty plea.

Rather than Stokes abandoning Curtis, the record plainly establishes that Curtis fired Stokes and hired another lawyer — Gibson — to replace her. The transcript of the plea hearing unequivocally shows that only attorney Gibson, not Stokes, assisted Curtis as he entered his guilty plea. Moreover, the record contains Curtis' signature on a

document indicating the voluntariness of his guilty plea, and attached to that document is the judge's written certification that Curtis, in pleading guilty, was represented only by attorney Gibson. Accordingly, Curtis' misplaced abandonment arguments about an attorney whom he fired provide no basis for reversing the trial court's denial of his motion to withdraw his guilty plea.

As to attorney Gibson, Curtis makes no substantive argument about how he was ineffective in representing him on the guilty plea. Instead, Curtis' sole point as to Gibson is that when he first appeared in court he told the judge that he was unprepared to go to trial. While that is true, the transcript also shows that Curtis met with and hired Gibson the week before the trial date; that Gibson appeared in court on the morning of trial and made the statement that he was unprepared shortly after 9:35 a.m.; that he subsequently had the opportunity to confer with Curtis and review the trial notebook prepared by attorney Stokes; and that shortly after 1:35 p.m., some four hours after his first appearance, he informed the court that his client had decided to plead guilty.

The length of time that plea counsel spent in consultation with Curtis is not in itself sufficient to establish ineffective assistance of counsel.[1] And because Curtis has not alleged, let alone established, any other specific way in which his plea counsel was deficient, he has failed to carry his burden of showing that the trial court erred in denying his motion to withdraw his guilty plea.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. . . . [I]f the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[2]

Since Curtis has not shown that his plea counsel was deficient, he likewise cannot show the existence of a reasonable probability that but for any purported deficiencies he would have insisted on a trial.

---

[1] See *Swantner v. State*, 244 Ga. App. 372, 374-375 (2) (a) (535 SE2d 343) (2000) (two-and-a-half-hour consultation alone not inadequate); *Tahamtani v. State*, 177 Ga. App. 52, 53 (338 SE2d 488) (1985) (half-hour meeting immediately prior to guilty plea hearing, without more, does not establish ineffective assistance of counsel).

[2] (Citations and punctuation omitted.) *Hill v. State*, 267 Ga. App. 357, 357-358 (599 SE2d 307) (2004).

Under such circumstances, the trial court did not abuse its discretion in refusing to allow the withdrawal of Curtis' guilty plea.

2. Curtis further claims that the trial court should have allowed him to withdraw his guilty plea because it was not intelligently and voluntarily entered.

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[3]

In the instant case, the state has met its burden because the record of the guilty plea hearing affirmatively shows that Curtis was cognizant of all the rights he was waiving and the possible consequences of his plea. At the guilty plea hearing, Curtis swore to the court, both orally and in writing, that he was not under the influence of drugs or alcohol, that he knew the offenses he was charged with, that he understood the maximum and minimum penalties for those offenses, that he understood the terms of the negotiated plea, that he understood the rights he was waiving by pleading guilty, that no one had made any threats or promises to him, that he had received adequate time to consult with his lawyer and was satisfied with his lawyer's services, that his guilty plea was voluntary and that he is in fact guilty of the charges.

Because the state has met its burden of affirmatively showing by the record that Curtis entered his guilty plea intelligently and voluntarily, the trial court did not abuse its discretion in refusing to allow Curtis to withdraw his plea.[4]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 6, 2005.

---

[3] (Citation omitted.) *Caudell v. State*, 262 Ga. App. 44, 47 (2) (584 SE2d 649) (2003).

[4] See *Jones v. State*, 268 Ga. App. 101, 102-103 (1) (601 SE2d 469) (2004); *Caudell*, supra.

*Garland, Samuel & Loeb, Donald F. Samuel, Steven L. Sparger, Herbert Shafer*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.