A05A1333. ZELLMER v. THE STATE.
(615 SE2d 654)

ANDREWS, Presiding Judge.

Michael Todd Zellmer appeals from the trial court's order denying his motion to withdraw a guilty plea. Zellmer claims the trial court erred in denying his motion because he entered his plea under duress and because his trial counsel was ineffective. For the following reasons, we conclude there was no error and affirm. Zellmer pled guilty to armed robbery and voluntary manslaughter on June 4, 2001. Within the same term of court, Zellmer filed a motion to withdraw his guilty plea. Zellmer was appointed new defense counsel who argued that trial counsel was ineffective and the plea was not knowingly and voluntarily entered. The court denied the motion. Zellmer appealed the denial of his motion pro se. This Court affirmed the judgment of the trial court in *Zellmer v. State*, 257 Ga. App. 346 (571 SE2d 174) (2002).

Thereafter, Zellmer filed a petition for habeas corpus on August 11, 2003. After a hearing, the habeas court determined that the trial court did not sufficiently inform Zellmer of his right to an attorney on appeal. Accordingly, the habeas court remanded the case to the trial court with instructions to appoint an attorney and grant Zellmer an out-of-time appeal. The trial court did so and this appeal followed.

1. In his first enumeration of error, Zellmer lists several instances in which he contends that trial counsel rendered ineffective assistance.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.

*Payne v. State*, 271 Ga. App. 619, 619-620 (610 SE2d 572) (2005).

First, Zellmer contends that counsel was ineffective in not discussing various parole possibilities with him. The record shows that counsel stated at the hearing on the motion to withdraw the plea that he always tells his clients that "parole is a game with no rules and we go on from there." He stated that he remembered telling Zellmer that "parole is not a right" and "what [he knew about Zellmer's] life

certainly didn't make him the strongest candidate for parole." Zellmer makes no argument as to what more he should have been told or how that would have affected his decision to plead.

Zellmer also claims counsel was ineffective because he did not discuss with him the possibility that there might be an eleventh hour plea deal. Counsel testified at the hearing that at the lunch break during voir dire, he told the prosecutor they would be willing to consider a nonnegotiated plea to the armed robbery charge. Counsel also testified that he did not think the prosecutor would agree to this proposal.

Moreover, as discussed more fully below, Zellmer was given ample time and numerous opportunities to withdraw the plea had he wished to do so. Accordingly, Zellmer has shown no harm and no prejudice from being presented with the last minute opportunity to plead.

Zellmer also contends that counsel was not prepared for trial. This allegation was specifically rejected in *Zellmer*, supra at 348, and Zellmer argues nothing in this appeal that would bring about a different conclusion. Defense counsel had represented Zellmer for three years at the time of trial. He had "argued over 100 motions, discussed the case with Zellmer extensively, attended the earlier trial of Zellmer's co-defendant on the same charges, was engaged in jury selection at the time Zellmer decided to accept the State's plea offer, and testified at the hearing on the motion to withdraw that he was prepared for trial." Id.

Next, Zellmer claims that counsel was ineffective for failing to request a presentence investigation. Zellmer fails to point out what this investigation would have shown or how it would have changed the sentence he received. He mentions out-of-state witnesses, but does not explain what their testimony would have been or how it would have helped him at sentencing.

Finally, Zellmer claims that trial counsel pressured him to take the guilty plea. "Duress is a question of fact for the trial court to resolve, whose decision we will only reverse if it constitutes an abuse of discretion." (Punctuation omitted.) *Jones v. State*, 268 Ga. App. 723, 727 (603 SE2d 73) (2004). Although Zellmer argues that he was given only ten minutes to decide whether to accept the plea, the record shows that Zellmer had hours to consider the plea offer. During the plea hearing:

> the court repeatedly asked Zellmer whether he wished to discontinue the plea process and whether he needed more time with his attorney; Zellmer repeatedly answered both questions in the negative. The record shows that defense counsel discussed extensively with Zellmer the offer, its

ramifications, and the potential results of going to trial. Defense counsel recommended Zellmer take the State's offer in light of the charges he faced, his confession, and the results of his co-defendant's earlier trial on the same offenses; however, the record is abundantly clear that counsel left the ultimate decision up to Zellmer. We cannot say counsel's advice and conduct were unreasonable under the circumstances. Instead, we find that any duress Zellmer may have experienced in making his decision to plea appears from the record to be due to the circumstances in which he found himself, and not because of "undue influence" and/or "intimidation" by his trial attorney.

*Zellmer*, supra at 347-348.

Finally, we note that nowhere in his brief does Zellmer claim that but for any of these alleged deficiencies of his trial counsel, he would have insisted on going to trial. Accordingly, Zellmer is unable to show ineffective assistance of counsel during the plea process. *Payne*, supra. There was no error.

2. Zellmer also claims the trial court erred in not granting his motion to withdraw the guilty plea because it was not knowingly and voluntarily entered.

When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

*Curtis v. State*, 271 Ga. App. 239, 242 (609 SE2d 171) (2005). In this case, the State has filed a transcript of the guilty plea hearing.

Zellmer claims the plea was not knowing and voluntary because he was under duress when he entered it. He contends that he was not mentally prepared for the possibility of a plea and he had lost confidence in trial counsel's preparedness for trial.

We have already concluded in Division 1 above that counsel was prepared for trial. As to Zellmer's claim that he was under duress, Zellmer called a clinical psychologist to testify at the hearing on his motion to withdraw the guilty plea. The psychologist stated that

Zellmer had an anxiety disorder and post-traumatic stress disorder. He also stated that Zellmer was experiencing symptoms of these disorders at the plea hearing and it was his opinion that Zellmer did not clearly understand what was happening.

The trial court found the expert's testimony not credible in light of his own observations of Zellmer at the plea hearing and also in light of trial counsel's testimony that Zellmer did not seem to be under undue stress and knowingly and voluntarily entered the plea. This was a credibility determination for the trial court and we will not disturb this determination unless it is clearly erroneous. *Buice v. State*, 239 Ga. App. 52 (520 SE2d 258) (1999); *Carter v. State*, 272 Ga. App. 158, 161 (611 SE2d 790) (2005); *Nichols v. State*, 253 Ga. App. 512, 514 (559 SE2d 538) (2002). As discussed above, Zellmer was repeatedly asked whether he needed more time with his attorney and he repeatedly replied that he did not. Accordingly, as previously held, any duress Zellmer experienced was due to the circumstances in which he found himself and was not due to any undue stress or pressure from his attorney. *Zellmer,* supra at 348.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 10, 2005.

*Roderick H. Martin,* for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney,* for appellee.