A03A1498. COKER v. THE STATE.
(585 SE2d 221)

ELDRIDGE, Judge.

Joyce Jean Coker appeals from the Superior Court of Bibb County's order denying a motion to withdraw her guilty plea entered upon a reduced charge of voluntary manslaughter.[1] Coker claims that she was not competent at the time of the entry of the plea and that, consequently, the plea was not entered freely and voluntarily; she also claims that she received ineffective assistance of counsel, because her attorney failed to request that Coker undergo a psychiatric evaluation for purposes of an insanity defense. Finding both of these claims to be without merit, we affirm.

1. Once sentence is pronounced, as occurred in this case, a withdrawal of a plea is within the sound discretion of the trial court; this discretion will not be disturbed unless there is a manifest abuse thereof. With regard to the validity of a guilty plea, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights she was waiving and the possible consequences of her plea.[2] "The trial court is the final arbiter of all factual issues raised by the evidence."[3]

At the hearing on the motion to withdraw, the State introduced the transcript of the guilty plea. On its face, the transcript shows that Coker's plea was knowingly and voluntarily entered after Coker

---

[13] See *McHenry v. Longhorn Steak*, 253 Ga. App. 833, 835 (560 SE2d 731) (2002).
[14] *Zack's Properties v. Gafford*, supra at 44-45.
[1] Coker was indicted for malice murder.
[2] *Clark v. State*, 249 Ga. App. 722 (549 SE2d 520) (2001).
[3] *Cazanas v. State*, 270 Ga. 130 (508 SE2d 412) (1998).

was advised and claimed an understanding of all rights waived by virtue of the entry of a plea; Coker stated that her attorney had "explained everything to me"; Coker stated that she understood the consequences of her plea; Coker specifically stated that she understood the plea process and that nothing kept her from thinking clearly and that she was thinking clearly during the entry of the plea; and Coker's attorney stated that she had explained to Coker her legal and constitutional rights and knew of no reason why the trial court should not accept Coker's guilty plea. In addition, the plea transcript contains a sufficient factual basis for the entry of a plea to voluntary manslaughter. Accordingly, the State carried its burden of showing that the plea was constitutionally sound.

Before this Court, Coker argues that she was in a "state of confusion" during the entry of her plea because she suffers from bipolar disorder and lacked proper medication; she claims that this confusion and lack of medication, coupled with her trial attorney's pressure for her to plead guilty, created a situation in which Coker could not intelligently understand what was taking place. This argument, however, ignores the fact that the trial court specifically rejected testimony from Coker's expert witness that — based upon a single, post-plea, 75-minute interview — Coker suffers from bipolar disorder. The trial court was authorized to make such a credibility determination.[4]

In this case, the trial court found "more credible" Coker's medical records containing many prior diagnoses that Coker suffers from depression, a mood disorder not a thought disorder. These prior diagnoses of depression without psychosis were supported at the hearing by testimony from the State's expert witness, who had a two-week opportunity to evaluate Coker during one of her earlier stays at Central State Hospital, before the origination of the instant charges against her. The State's expert testified that depression does not prevent a subject from being lucid and competent to understand what is happening. In that regard, the trial court made a specific finding that Coker "addressed the Court in a very intelligent, articulate, and rational way. Consequently there was nothing to suggest to the Court at the time of sentencing that the defendant was not fully competent to enter her plea and did so." This perception was aided by testimony from Coker's trial attorney, who stated that Coker was lucid and calm at the time of the plea hearing and appeared to understand what she was doing.

As the State's evidence, the expert testimony, the trial court's observations, and the court's credibility findings support the conclusion that Coker entered her plea knowingly and voluntarily with full

---

[4] *Manues v. State*, 232 Ga. App. 454, 455 (501 SE2d 826) (1998).

cognizance of her rights and the consequences of a plea, no abuse of discretion has been shown by the trial court's denial of Coker's motion to withdraw her guilty plea.

2. Coker claims she received ineffective assistance of trial counsel during the entry of her guilty plea, because her attorney failed to obtain a psychiatric evaluation in order to determine whether Coker was mentally sane at the time of the offense. To establish ineffective assistance of counsel, Coker must show that her trial counsel's performance was deficient and that, but for the deficient performance, she would have insisted on going to trial.[5] "[T]here is a strong presumption that trial counsel provided effective representation, and we will not use hindsight to judge counsel's reasonable trial strategy and tactics."[6]

Trial counsel testified at the motion hearing that as a part of her trial preparation, she obtained and compiled Coker's psychiatric records from various sources and reviewed them all. Based upon her review of the records and conversations with Coker, counsel determined that an additional psychiatric evaluation was not necessary. Our review of the record in this case, including the medical documents obtained by trial counsel, discloses no evidence that defendant's sanity at the time of the charged offense would be a significant factor at trial, since the repeated diagnoses of "depressive disorder" do not demonstrate that Coker suffers from a delusional compulsion or otherwise cannot distinguish right from wrong. The only evidence supporting a defense based upon mental incapacity came through testimony at the motion hearing from Coker's expert, which, as discussed above, was specifically rejected by the trial court as not credible. Moreover, Coker insisted that the victim's death was the result of self-defense, not insanity; so, the facts of the instant case as related to trial counsel by Coker, herself, did not support the need for further psychiatric evaluation for purposes of mounting an insanity defense.

> Thus, the decision not to pursue an additional psychological examination was a reasonable strategic decision. Although other attorneys might have explored the mental issue further, we cannot conclude that trial counsel's psychological investigation and tactical judgment were outside the wide range of reasonably effective assistance.[7]

---

[5] See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Hill v. Lockhart*, 474 U. S. 52, 59 (106 SC 366, 88 LE2d 203) (1985).

[6] (Footnotes omitted.) *Braithwaite v. State*, 275 Ga. 884, 885 (2) (b) (572 SE2d 612) (2002).

[7] *Turpin v. Mobley*, 269 Ga. 635, 642 (3) (B) (502 SE2d 458) (1998).

As Coker's trial counsel exercised reasonable judgment in not seeking an additional psychiatric evaluation, the *Strickland* burden to show attorney error has not been met. Consequently, the trial court did not err in denying the motion to withdraw Coker's guilty plea based upon a claim of ineffective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 14, 2003 — 

*Reza Sedghi*, for appellant.

*Howard Z. Simms, District Attorney, Elizabeth K. Bobbitt, Assistant District Attorney*, for appellee.

