## A04A1997. HART v. THE STATE.
### (613 SE2d 107)

ADAMS, Judge.

David Lane Hart appeals from the trial court's denial of his "Motion to Withdraw Guilty Pleas." We affirm.

On November 23, 2000, two individuals approached the Royston chief of police in the police department parking lot and told him that Hart was driving erratically and had run them off the road. They identified Hart's car as it drove nearby. Captain Johnny Bannister of the Franklin County Sheriff's Department testified at the hearing on the motion to withdraw that he was in the parking lot at the time. He could see the car from the parking lot and observed that Hart was not wearing a seat belt. Bannister pulled his car behind Hart's car and activated his blue lights. After the officer stopped Hart's car, he approached the driver's side window and asked for identification. Hart was unable to produce a driver's license. The officer recognized Hart and knew that his license had been suspended. Hart was arrested and placed in the back of Bannister's patrol car to be transported to jail. During the trip to the jail, Hart began kicking Bannister in the head from the back seat of the car, which was not equipped with a protective screen. Hart was subsequently charged with habitual violator, driving under the influence, felony obstruction, no insurance and a seat belt violation.

At the time of his arrest, Hart was on probation for a prior conviction. As a result of the incident in this case, a probation revocation hearing was held on January 11, 2001. The trial court found that Hart violated probation, and he was sent to a probation detention center.

Hart later filed a motion to suppress in this case, but the trial court denied it. Subsequently, after plea negotiations with the state, Hart pled guilty pursuant to *North Carolina v. Alford*[1] to the obstruction and seat belt charges in exchange for a probated sentence and banishment from all counties north of Interstate 20. At the same hearing, Hart pled guilty in another pending case in which he was charged with possession of a firearm by a convicted felon. That charge arose after Hart's probation officer saw him holding a firearm in his yard during a home visit.

Hart filed a motion to withdraw his guilty pleas in both cases, which was denied by the trial court after an evidentiary hearing. "A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion." (Punctuation and footnote omitted.) *Hill v. State*, 267 Ga. App. 357 (599 SE2d 307) (2004).

When a defendant challenges the validity of a guilty plea, the state bears the burden of affirmatively showing from the record that the defendant's plea was knowing, intelligent and voluntary. *Jones v. State*, 268 Ga. App. 101 (601 SE2d 469) (2004). But the two-part test of *Strickland v. Washington*,[2] applies where the motion is based upon a claim of ineffective assistance of counsel, and "the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial." (Footnote omitted.) *Hill v. State*, 267 Ga. App. at 357-358. See also *Vazquez-Vargas v. State*, 265 Ga. App. 852, 853 (595 SE2d 668) (2004).

1. Here, the record shows that the trial judge informed Hart of the charges against him as well as the possible penalties for conviction on those charges. In response to the trial judge's questions, Hart stated that "in [his] best interest," he had assisted his trial attorney in completing the petition to enter a guilty plea and that he understood the questions and answered them truthfully. Hart acknowledged that he understood that he had a right to counsel from the time of his arrest and that he was satisfied with the advice and counsel that he had received from the public defender's office. He also stated that he understood that he had a right to a trial by jury and that he was waiving that right by entering his guilty plea. He stated the same with regard to the presumption of innocence. Although Hart acknowledged that he had a privilege against self-incrimination, he indicated that he wished to enter an *Alford* plea in order to avoid a trial.

---

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).
[2] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

Hart also acknowledged that if he were sentenced to probation, he would be waiving his rights under the Fourth Amendment. Hart stated that he was entering the plea freely and voluntarily and that no one had threatened him or made him any promises other than that the state would recommend the bargained-for sentence in exchange for the plea. Hart then asked the judge to consider whether the banishment portion of his sentence was constitutional. The trial judge indicated that as he understood the law, the proposed banishment was legal. Hart acknowledged that he understood this and further acknowledged that he had bargained for that portion of the sentence. The trial judge found that Hart's guilty plea was freely and voluntarily entered and adopted the recommended, negotiated sentence. Based upon our review of the record, we find no abuse of discretion in the trial court's determination that Hart was adequately informed of his rights and chose to waive them by pleading guilty.

2. In order to withdraw his plea under the circumstances of this case, Hart must show that withdrawal of the plea "is necessary to correct a manifest injustice." (Punctuation and footnote omitted.) *Hill v. State*, 267 Ga. App. at 358. In this case, Hart bears the burden of showing that his attorney's performance was deficient and that without such deficient representation, a reasonable probability exists he would not have pled guilty to the charges. *Jones v. State*, 268 Ga. App. at 101-102. "Generally, we review a trial court's finding that a defendant [was] afforded effective assistance of counsel under the clearly erroneous standard." (Footnote omitted.) *Perry v. State*, 269 Ga. App. 178, 180 (1) (603 SE2d 526) (2004).

Hart raises a number of matters in which he contends that his trial attorney's representation was deficient. He asserts that his attorneys failed: (a) to put his mental condition at issue; (b) to file pre-trial discovery motions; (c) to appear for trial, leaving an unprepared attorney to defend him; (d) to advise him that he could appeal the denial of his motion to suppress; and (e) to protect his right to confront his accusers.

Hart also alleged that his attorney erroneously told him that he could withdraw his plea within 30 days as a matter of right. At the hearing on Hart's motion to withdraw his guilty pleas, the public defender testified that he did not recall making such a statement to Hart. He said that he did not recall ever telling a client that. In the order denying the motion to withdraw, the trial court specifically found that the public defender did not misinform Hart regarding his right to withdraw his guilty plea, and we cannot. We must accept that finding as "the trial court is the final arbiter of all factual issues raised by the evidence" in considering a motion to withdraw a plea. (Citation, punctuation and footnote omitted.) *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004).

The trial court did not specifically address Hart's remaining allegations regarding his trial counsel, but instead held that even if the attorney's performance was as inadequate as Hart alleged, he had failed to establish a reasonable probability that he would not have pled guilty to the charges. We note that a court is not required to address both prongs of the *Strickland* test if the showing on one prong is insufficient. *Wilkes v. State*, 269 Ga. App. 532, 536 (4) (604 SE2d 601) (2004).

In order to prove that he received inadequate representation, a defendant must overcome the strong presumptions that his attorney's performance fell within "the wide range of reasonable professional assistance" and further that the challenged actions constitute sound trial strategy. (Citation and punctuation omitted.) *Vazquez-Vargas v. State*, 265 Ga. App. at 853. See also *Dixon v. State*, 268 Ga. App. 215, 219 (2) (601 SE2d 748) (2004).

(a) *Failure to raise issue of Hart's mental health.* The two lawyers from the public defender's office who represented Hart testified at the hearing on the motion to withdraw pleas. Michael White, the head of the public defender's office, testified that he spoke with Hart and his mother on several occasions regarding Hart's prior head injury and mental health. He also reviewed his records. Based upon those conversations and White's observations of Hart, the public defender's office decided not to request a competency hearing and not to raise Hart's mental condition in connection with the obstruction charge. Instead, they planned to pursue a defense that his kicking of the police officer was accidental, caused by his being a large man crammed into the back of the police car and needing to stretch his legs. This decision was clearly one of trial strategy, and although Hart and his appellate attorney now disagree with the public defender's decision, that does not necessitate a determination that Hart received ineffective representation:

> Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate.

(Citation and punctuation omitted.) *Botelho v. State*, 268 Ga. App. 129, 133 (3) (a) (601 SE2d 494) (2004). See also *Coker v. State*, 262 Ga. App. 320, 322-323 (2) (585 SE2d 221) (2003).

Moreover, Hart has failed to present any evidence regarding his mental history and thus has not demonstrated whether such a defense would even have been valid. "Speculation is insufficient to

satisfy the prejudice prong of *Strickland*." (Citations omitted.) *Cormier v. State*, 277 Ga. 607, 609 (2) (a) (592 SE2d 841) (2004). Hart has failed, therefore, to establish ineffectiveness of counsel on this ground.[3]

(b) *Failure to file pre-trial discovery motions.* While Hart is correct that the record does not contain any pre-trial discovery motions, White testified that his office filed motions and got discovery, which they reviewed and investigated. While White may have been mistaken about his office's filing a formal discovery motion, he testified that as far as he knew, he had received all of the reports and discovery items from the state. Moreover, Michael Nation, who also worked on Hart's case, testified that in preparing for the motion to suppress he had the time to review the state's files and reports and had the benefit of his investigator's interviews with the state's witnesses.

Thus, it is possible that the public defender's office received informal discovery in this case. But neither White nor Nation was ever questioned about this possibility; nor was either attorney asked why no pre-trial motions were filed. If the attorneys did receive informal discovery, there may have been no need to file formal discovery motions. See *Harris v. State*, 265 Ga. App. 876 (1) (a) (595 SE2d 683) (2004).

Under these circumstances, Hart failed to carry his burden of establishing that "the purported deficiency in his trial counsel's representation was indicative of ineffectiveness. . . ." (Punctuation and footnote omitted.) *McPetrie v. State*, 263 Ga. App. 85, 92-93 (9) (587 SE2d 233) (2003). And this argument presents no ground for reversal.[4]

(c) *Failure to appear for trial.* Nation was assigned the task of arguing Hart's motion to suppress and appeared on his behalf at the hearing, which immediately followed the initial morning calendar call. Nation had previously prepared and filed the motion. Although Nation assumed that White would be there to assist him that morning, White did not appear. White testified that he could not recall why he was not present that morning. Nevertheless, it was Nation's understanding that White would be present at the trial. While Nation was prepared to argue the motion, which would have assisted him in handling the trial, he made no additional preparation for trial.

---

[3] Hart contends that the judge was aware of his mental condition, but there is nothing in the record to support that contention.

[4] We note there is evidence that the public defender's office did investigate the case. Nation testified that the investigator for the public defender had spoken with officers involved. Moreover, after researching the habitual violator charge, the public defender's office determined that it was invalid and were successful in getting that charge dismissed.

Although the record indicates that the obstruction trial was scheduled to begin after the hearing on the motion to suppress, White had no specific recollection of the events of that day and did not testify that he did not intend to appear for any part of Hart's trial. The evidence indicates, however, that White was not there at the time of the hearing on the motion to suppress or during the plea negotiations. But even if the record establishes that White failed to appear, Hart has failed to prove that he would have gone to trial if White were present. Both White and Nation testified that Hart was clear that he did not want another jail sentence and thus was interested in negotiating a plea that involved a recommendation of probation. Nation testified that Hart was concerned about a "straight-time" sentence because he was afraid that it might have an effect on his parole. Nation further testified that it was Hart who brought up the possibility of banishment to help facilitate the plea negotiations that day. Nation said that Hart struggled with that aspect of the plea bargain, but "positively made his mind up that [banishment] was what he wanted to do." Under these circumstances, we cannot say that it was clearly erroneous for the trial court to find that Hart failed to establish a reasonable probability that if White had appeared for trial, he would not have pled guilty. Hart's claim of ineffective representation fails on this ground.

(d) *Failure to advise Hart of his right to appeal the denial of the motion to suppress*. Although Hart contends that he was never told that he could appeal the denial of his motion to suppress, both White and Nation testified that they advised Hart that he could proceed to trial and in a later appeal, raise the denial of his motion.

(e) *Failure to protect his right to confront his accusers*. Hart is apparently contending that his attorneys were ineffective in failing to determine before trial that police did not know the identity of the citizens who reported that he was driving erratically on the day of his arrest. He argues that the inability to confront his accusers was an important factor to him and presumably is arguing that it would have presented an avenue for his defense at trial. But the record shows that Captain Bannister testified that morning at the hearing on the motion to suppress that police did not know the identity of the two complainants. Thus, both Hart and his attorneys were aware of this factor during the plea negotiations, and we find no basis for reversal on this ground.

Moreover, although Hart now contends that he had a strong desire to go to trial, as discussed above, we cannot say that it was clearly erroneous for the trial court to find that Hart failed to establish a reasonable probability that in the absence of the allegedly ineffective legal representation he would not have pled guilty.

Accordingly, we affirm the trial court's denial of Hart's motion to withdraw.

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 28, 2005 —
RECONSIDERATION DENIED APRIL 13, 2005 —

*Martin L. Melton III*, for appellant.
*Robert W. Lavender, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellee.

