## A05A2191. WELLS v. THE STATE.
### (625 SE2d 90)

MIKELL, Judge.

Matthew E. Wells appeals the trial court's order denying his motion to withdraw his nonnegotiated guilty plea to burglary, for which he was sentenced to five years in prison. Because withdrawal of the plea is not necessary to correct a manifest injustice, we affirm.

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea. The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice.[1]

Moreover, "the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[2]

The record in the case at bar shows that at the plea hearing, the trial court ensured that Wells understood the nature of the charge against him and the possible sentence he faced; that he had a right to a jury trial and to be represented by a lawyer; that at a trial, he would have the right to cross-examine the state's witnesses, to subpoena witnesses to testify on his behalf, and either to testify himself or to remain silent; that he was presumed innocent and the state had the burden of proving him guilty beyond a reasonable doubt; and that, by pleading guilty, he was waiving a jury trial. Wells signed a transcription of his guilty plea in which he acknowledged that, because his plea was nonnegotiated, the court could sentence him to a maximum of 20 years in prison.

After determining that Wells understood his rights and the impact of a guilty plea, the court again confirmed that Wells intended to plead guilty and that the plea was made freely and voluntarily. The court asked whether any promises or threats had been made to cause him to plead guilty. The court then inquired into the factual basis for the plea, which the state established.

Because the plea was not negotiated, the court conducted a presentence hearing. The state offered in aggravation evidence that

---

[1] (Footnote omitted.) *Niako v. State*, 271 Ga. App. 222, 223 (609 SE2d 154) (2005).

[2] (Citation and footnote omitted.) *Ramsey v. State*, 267 Ga. App. 452 (600 SE2d 399) (2004).

Wells had been convicted of larceny and forgery in a different state and had served ten years in prison. Defense counsel pleaded for probation for Wells, but the court sentenced him to serve five years in confinement, as recommended by the state.

Wells then filed a motion for the appointment of new counsel and to withdraw his guilty plea. The court appointed new counsel for Wells. At the hearing on the motion to withdraw the plea, Wells contended that there was no factual basis for the plea. According to Wells, "what I'm alleging is . . . I was charged with residential burglary, and the [s]tate didn't have no evidence against me saying that . . . we was in the house." Wells testified that he entered the plea even though he did not believe the state had sufficient evidence to convict him because he "just wanted to . . . get it done and over with." However, after being sentenced to five years in prison, Wells changed his mind because he has "a wife and . . . family out there that I'm trying to get back to."

On cross-examination, Wells admitted that he had understood at the plea hearing that the state was recommending five years to serve, but he thought the judge would give him a lesser sentence, so he decided to enter a nonnegotiated plea. Wells claimed he and counsel had a disagreement over whether he had completed his sentence in Oklahoma, and he understood his lawyer to say that Wells could "stay the ten years" in that state.

Trial counsel, the public defender for Ware County, testified that he discussed the charge with Wells a number of times before the plea hearing, including the factual basis for the plea, the state's recommended sentence, and the fact that the judge could sentence Wells to a term of 20 years. Counsel further testified that he was satisfied that Wells understood the consequences of the plea. In fact, counsel testified that he urged Wells to go to trial because Wells kept expecting probation, and counsel repeatedly told him that it would not happen.

At the conclusion of the hearing, the trial court found that Wells had been advised of his constitutional rights, that he understood those rights, that he knowingly and intelligently waived them, that he entered the plea voluntarily, and that a sufficient factual basis existed for the plea. Accordingly, the court denied Wells's motion to withdraw the plea.

On appeal, Wells argues that withdrawal of his plea is necessary to prevent a manifest injustice because he and trial counsel did not understand each other on the issue of sentencing. Appellate counsel extrapolates from the hearing on the motion to withdraw the plea that trial counsel told Wells that he would have to re-serve his Oklahoma sentence unless he pleaded guilty. However, "[a]s the final arbiter of the facts, the trial court was authorized to reject [Wells's]

self-serving testimony during the hearing on his motion to withdraw the plea and find that he entered it knowingly and voluntarily."[3] It follows that the trial court did not abuse its discretion in denying the motion to withdraw the plea.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 13, 2005.

*McGee & McGee, James B. McGee III*, for appellant.
*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.

[3] (Footnote omitted.) *Young v. State*, 267 Ga. App. 91, 92-93 (598 SE2d 840) (2004).