## A06A0593. WILLIAMS v. THE STATE.
### (631 SE2d 417)

JOHNSON, Presiding Judge.

This case is before us pursuant to a denial of Jeffery Williams' Extraordinary Motion to Set Aside Plea. We find no error by the trial court and affirm Williams' convictions for two counts of misdemeanor obstruction of a law enforcement officer.

The record shows that Williams was arrested on September 11, 2003, for the misdemeanor offense of obstruction of a law enforcement officer. Williams was incarcerated at the time due to an earlier arrest for the felony offense of obstruction of a law enforcement officer. The grand jury returned an indictment on each charge on November 3, 2003. Pursuant to a motion filed by Williams' original trial counsel, the trial court entered an order for mental evaluation dated October 9, 2003. Williams, through new trial counsel, filed a special plea of incompetence to stand trial. On July 20, 2004, a jury found in favor of the special plea of mental incompetency, and Williams was transported to Northwest Georgia Regional Hospital for further evaluation and treatment. Following a period of evaluation, and as a result of prescribed medication, Williams was subsequently determined to be competent to stand trial.

On January 24, 2005, Williams, while represented by counsel, entered a guilty plea to two misdemeanor counts of obstruction of a

---

law enforcement officer. The trial court sentenced him to two consecutive twelve-month terms of probation. On May 9, 2005, Williams filed a pro se extraordinary motion to set aside his plea, which was denied by the trial court. We find no error.

We first note that Williams relies upon events, statements and omissions occurring outside the hearing which are not reflected in the record on appeal. It is the defendant's duty on appeal to show error and harm affirmatively by the record.[1] Williams has failed to meet this duty. In addition, Williams' pro se appellate brief is handwritten and extremely difficult to decipher. While Williams references many perceived injustices and transgressions visited upon him in his brief, his appeal, to the extent it requests any actual, grantable relief by this Court, is most comparable to a motion to withdraw a guilty plea, and we will treat it as such.

A defendant has an absolute right to withdraw a guilty plea at any time before sentence is orally pronounced by the trial court.[2] After sentence is pronounced, a defendant may withdraw his guilty plea only upon a timely motion for withdrawal showing that withdrawal is necessary to correct a manifest injustice.[3] Moreover, after the defendant has been sentenced, the question of whether he may withdraw his guilty plea is vested in the sound discretion of the trial court, and the exercise of that discretion will not be disturbed unless it is manifestly abused.[4]

When a defendant challenges the validity of his guilty plea, the state bears the burden of showing that the plea was made voluntarily, knowingly and intelligently.[5] The state may meet this burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[6]

The transcript and the petition to enter a plea of guilty in the present case reveal that Williams informed the trial court that he was not under the influence of any alcohol or drugs, that he suffered from no mental or emotional disability, that he understood all the various jury trial rights he would waive by pleading guilty, that no one had influenced his guilty plea by making threats or promises to him, that his plea was voluntary, that he was satisfied with his attorney's

---

[1] See *Mash v. State*, 168 Ga. App. 491, 491-492 (1) (309 SE2d 673) (1983).

[2] OCGA § 17-7-93 (b).

[3] *Wells v. State*, 276 Ga. App. 844 (625 SE2d 90) (2005).

[4] *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001).

[5] See *Carter v. State*, 272 Ga. App. 158, 160 (2) (611 SE2d 790) (2005).

[6] *Smith*, supra.

representation, and that he was in fact guilty of the crimes charged. Williams has cited nothing in the record to indicate his guilty plea was anything other than knowing and voluntary. Nor has he cited any manifest injustice in the trial court's denial of his motion to withdraw his guilty plea. As the final arbitrator of facts, the trial court was authorized to reject Williams' self-serving testimony during the hearing on his motion to withdraw the plea and find that he entered the plea knowingly and voluntarily.[7]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 12, 2006.

Jeffery Williams, *pro se.*

*Lee Darragh, District Attorney, John A. Warr, Assistant District Attorney,* for appellee.

