A06A0589. HOLLMAN v. THE STATE.
(633 SE2d 395)

ADAMS, Judge.

Johnny Hollman pled guilty to one count of aggravated assault with a deadly weapon, one count of armed robbery and one count of possession of a firearm during the commission of a felony. He appeals the trial court's denial of his motion to withdraw that plea. We affirm.

The record indicates that Hollman was indicted in this case on October 21, 2001 and that the charges arose out of an incident on June 10, 2001, involving Michael Tiller as the victim. On May 24, 2002, he was indicted in a separate case (Case No. 02SC04492) and charged with the May 25, 2001 armed robbery and aggravated assault of Leonard Perkins, as well as possession of a firearm during the commission of a felony.

On September 23, 2002, Hollman entered a plea of incompetence to stand trial, and on October 31, the trial court found that Hollman had presented sufficient psychiatric evidence of incompetence and ordered that he be confined in a state facility for the mentally ill.[1] But on May 6, 2003 after a contested hearing, the trial court determined that Hollman was then competent to stand trial. Afterward, Hollman stood trial in Case No. 02SC04492 and was convicted by a jury on all three counts.

At the conclusion of the trial on May 8, Hollman entered his guilty plea to the charges in this case. At the plea hearing, the prosecutor stated the factual basis underlying that plea, as follows:

> If the State would have gone to trial, the State would expect the evidence to show that on June 10th of 2001 at the location of 202 Vine Street, here in Fulton County, the defendant approached a Michael Tiller, asked him if he wanted to purchase crack cocaine. Mr. Tiller stated no. The defendant pulled out a weapon, shot three times at the victim, Mr. Tiller, and Mr. Tiller was hit once in the groin.

The trial court sentenced Hollman in Case No. 02SC04492 to ten years on the armed robbery count, fifteen years with thirteen years to

---

[1] Hollman waived his right to a trial by jury on this issue.

serve to run concurrently on the aggravated assault charge, and five years to run consecutive on the charge of possession of a firearm, although that charge was suspended. Hollman was then sentenced in this case to fifteen years, thirteen years to serve on the aggravated assault charge, ten years on the armed robbery charge concurrent, and five years suspended on the possession of a firearm count. These sentences were intended to run concurrently with those in Case No. 02SC04492, so that the maximum time Hollman would serve would be 13 years.

Less than one month later, on June 5, 2003, Hollman filed a motion to withdraw his guilty plea in this case and a motion for new trial in Case No. 02SC04492. The trial court granted the motion for new trial, but denied the motion to withdraw the guilty plea on December 20, 2004.

1. Hollman asserts on appeal that the trial court erred in denying his motion because his guilty plea was not entered knowingly, intelligently and voluntarily. He contends that when he entered his plea, he understood that the aggravated assault charge had been dropped. Further, he understood that serving concurrent sentences meant that there was only one crime and that there would be one appeal. In other words, he did not understand that he was giving up his right to appeal in this case.

"When a defendant challenges the validity of his guilty plea, the state bears the burden of showing that the plea was made voluntarily, knowingly and intelligently." (Footnote omitted.) *Williams v. State*, 279 Ga. App. 388 (631 SE2d 417) (2006). See also *Johnson v. State*, 260 Ga. App. 897, 899 (581 SE2d 407) (2003). The state may meet this burden by demonstrating from the record of the guilty plea hearing that the defendant understood all of the rights he was waiving and the possible consequences of his plea. *Wells v. State*, 276 Ga. App. 844 (625 SE2d 90) (2005). But once a defendant has been sentenced, "the question of whether he may withdraw his guilty plea is vested in the sound discretion of the trial court, and the exercise of that discretion will not be disturbed unless it is manifestly abused." (Footnote omitted.) *Williams v. State*, 279 Ga. App. at 389."The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice." (Footnote omitted.) *Wells v. State*, 276 Ga. App. at 844.

On its face, the transcript from the hearing on Hollman's guilty plea, which immediately followed his conviction in Case No. 02SC04492, shows that his plea was knowingly and voluntarily made. Hollman indicated at that time that he was a United States citizen and that he was not under the influence of any drugs or medication. He represented that he had an adequate opportunity to discuss his case with

his attorney, and that he was satisfied with the attorney's representation. He also indicated that no one had threatened him or offered him any type of reward in order to induce his guilty plea.

The prosecutor informed Hollman that by entering a guilty plea, he was giving up the right to a trial by jury, the presumption of innocence, the right to cross-examine witnesses, the right to remain silent, the right to assistance of an attorney at trial and the right to offer evidence in his own behalf. The assistant district attorney also specifically informed Hollman that by pleading guilty he gave up the right to appeal his conviction to a higher court. After asking if the prosecutor was referring to the "second case," Hollman indicated that he understood that he was giving up those rights.

The prosecutor then reviewed the charges and potential sentences in this case. While Hollman stated that he understood the charges, he indicated that he thought the aggravated assault charge had been "throwed out." After an off-the-record discussion, the prosecutor then outlined the remaining charges. Following this recitation, Hollman indicated that he understood that the judge did not have to accept the state's recommendation on a sentence for those crimes. The assistant district attorney then presented the state's sentencing recommendations on Hollman's plea as to each of the three charges in the second case.

Afterward, the trial judge asked Hollman if he had any questions. When he responded in the negative, the judge made certain that Hollman understood that she was issuing sentence in two separate cases:

> The Court: Do you understand that at this point in time two cases are being resolved?
> Hollman: Yeah.

The trial court then elaborated by describing each of the two cases and pronouncing sentence on each:

> The Court: The first case that involved Mr. Perkins that was tried, the Court will be sentencing you based on the jury verdict of guilty in that case.
> The second case that involves Mr. Tiller, the Court will sentence today as well based on the discussions that you and your attorney had with the State. So I'm going to, for the record, indicate the sentence. And, hopefully, you will understand the sentence as announced, but if you don't understand or have any questions, just let me know. Okay?
> I'm going to start with the case that we've just tried. There were three counts in that indictment. In the first

count the sentence will be ten years to serve. There is a statutory minimum on that charge of ten years.

On the second count of that indictment — and just for the record, I am referring to 2002SC04492 — the Court is going to sentence you to 15 years to serve 13, the balance to be probated.

The third count, which is the possession of a firearm count, that will be a five-year suspended sentence. Count 3 will run consecutive to Counts 1 and 2. It's suspended.

Hollman: So all this is 15 to do 13?

The Court: That is the maximum when you combine all three counts. So I'm satisfied that you understand what I'm saying. Okay?

After the trial court clarified that the sentence on the second count of the indictment in Case No. 02SC04492 would run concurrent to the sentence in the first count, she then pronounced sentence in this case:

The Court: Now, with respect to Indictment 2001SC11676, to which you have entered a plea of guilty, which I accept as being a voluntary plea based on the record that has been established, the sentence will be as follows. But nothing in this sentence is going to expand the time beyond the 15 years to serve 13 the balance being on probation. Are we clear?

So as to the second indictment, Count 1 is 15 to serve 13, the balance to be served on probation.

Count 2 is ten years to serve, to run concurrent with Count 1.

Count 3 is five years suspended, to run consecutive, but it's suspended. And, once again, that whole indictment and that sentence will run concurrent with the sentence that was with the indictment that we tried and finished today with the trial.

Nevertheless, at the hearing on the motion to withdraw the guilty plea, Hollman's trial attorney stated that Hollman was unable to assist in any phase of the guilty plea proceedings. He said that he and his staff spent a great deal of time discussing their recommendation of the plea and the repercussions of pleading guilty, but the attorney stated that he did not think Hollman understood the guilty plea or its implications. Hollman testified at the hearing that he did not want to plead guilty because he said that he did not commit the crime. He stated that he did not understand that he was giving up his right to appeal by pleading guilty, but he did understand that if he

made the plea he would not have to go to trial and "do 30 years" for the crime. And in response to several leading questions by his appellate attorney, Hollman indicated that he thought the aggravated assault charge had been thrown out because his trial attorney had succeeded in suppressing a firearm found at the time he was arrested. In addition, Hollman noted that he was not on prescription medication during his trial and he felt that the medication helped him "think better." He felt that he could not function and assist his attorneys without the medication.

The testimony from the competency hearing, however, indicates that the state's doctors did not feel that the medication was necessary for Hollman to function. Hollman was preliminarily thought to be suffering from some form of attention deficit disorder and mild mental retardation. He was initially prescribed medication to help with the attention deficit disorder, but later testing and diagnosis determined that Hollman was not mildly mentally retarded and that his attention problems could have been attributable to other factors. The state's doctors eventually took Hollman off his medication and determined that he was competent to proceed to trial without it. The doctors indicated for example that he was able to comprehend the rights given up in a plea bargain. Based upon this testimony, Hollman was found competent to stand trial on May 6, 2003, the day before the trial in Case No. 02SC04492 began, and his guilty plea followed two days later on May 8, immediately after the trial was completed. Moreover, the record indicates that Hollman was not on any medication during the hearing on the motion to withdraw, yet was able to follow and respond to questions at that hearing.

Similarly, from the record, it appears that Hollman was able to follow and respond to questions during the hearing on his guilty plea. He even asked pertinent questions of his own, for example, to clarify the prosecutor's statement that he was giving up his right to appeal in this case. And although Hollman did indicate some confusion regarding whether the aggravated assault count had been dismissed,[2] the record clearly demonstrates that he was being sentenced on all three charges in this case, in accordance with his sentence on the identical charges in the other case.

Accordingly, we find no abuse of discretion in the court's determination that Hollman's plea was entered knowingly and voluntarily with full cognizance of his rights and the consequences of his plea. See *Coker v. State*, 262 Ga. App. 320, 321-322 (1) (585 SE2d 221) (2003).

---

[2] This issue was apparently discussed off the record. While the better practice would have been to hold this discussion on the record to demonstrate how this misunderstanding was resolved, the transcript does demonstrate that the trial judge went to great pains to make her sentence clear and to inform Hollman that he was being sentenced on all three counts.

2. Hollman next contends that he received ineffective assistance of counsel in connection with his guilty plea. He contends that his trial attorney was ineffective in advising him to plead guilty to the charges in this case, without considering the possibility that his conviction in the first case could be reversed. When that, in fact, happened, he was left with only an unappealable guilty plea. He contends that his attorney advised him to take the plea in order to serve his sentence in this case concurrently with the sentence in the first case, but he asserts that his counsel was ineffective in giving this advice because the attorney should have known that there was clear reversible error in the first trial. Hollman also asserts that his trial attorney was ineffective in failing to raise the issue of his competency in the context of his guilty plea, thus preserving the issue for appeal.

> All criminal defendants, including those who waive their right to trial and enter a guilty plea, are entitled to effective legal assistance. In order to show a constitutional violation of this Sixth Amendment right, (a defendant) must (1) establish that his counsel's performance fell outside the range of competence for attorneys in criminal cases and (2) establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Footnote omitted.) *Lee v. State*, 277 Ga. App. 887, 890 (2) (627 SE2d 901) (2006). Thus, "the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial." (Footnote omitted.) *Hill v. State*, 267 Ga. App. 357, 357-358 (599 SE2d 307) (2004).

(a) We address first Hollman's assertion that his trial attorney was ineffective in advising him to plead guilty in this case when he should have known that reversible error existed in the trial of Case No. 02SC04492. The trial court granted Hollman's motion for new trial in that case on the ground that the court had erred in granting the state's motion in limine to prevent Hollman from presenting evidence showing his co-defendant's acquittal on the same charges. At the hearing on the motion for new trial, Hollman took issue with his trial attorney's decision not to cite the case of *White v. State*, 257 Ga. 236 (356 SE2d 875) (1987), which established that such evidence was admissible. Hollman's attorney testified that he was familiar with the case and in retrospect probably should have raised it. But at the time he made a tactical decision to distance Hollman "completely from the people and the circumstances surrounding the incident." It is well settled that "trial tactics and strategy, no matter how mistaken

[they appear] in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and footnote omitted.) *Lewis v. State*, 275 Ga. App. 41, 44 (3) (619 SE2d 699) (2005).

Additionally, Hollman's trial counsel testified that after the conviction in the first trial, it was his best professional recommendation that Hollman plead guilty in this case. He felt that this case "was a lot worse than the first." If Hollman went to trial in this case, he was potentially facing a much longer sentence, but as a consequence of the plea, Hollman's maximum aggregate sentence in both cases was 15 years, with 13 to serve. Moreover, Hollman's testimony demonstrated that he understood that by pleading guilty, he would not have to serve a longer sentence.

It is well established that

> [e]ffectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate.

(Citation omitted.) *Botelho v. State*, 268 Ga. App. 129, 133 (3) (a) (601 SE2d 494) (2004). See also *Hart v. State*, 272 Ga. App. 754, 757 (613 SE2d 107) (2005); *Coker v. State*, 262 Ga. App. at 322-323 (2). We cannot say that trial counsel's performance fell outside the range of professional competence, and we find that Hollman has failed to establish ineffective assistance of counsel on this ground.

(b) Hollman also claims that his trial representation was inadequate because his attorney failed to raise the issue of his competence in connection with his guilty plea. The trial attorney testified that he did not reassert the issue of Hollman's competence at the guilty plea hearing because the trial court had determined that Hollman was competent to stand trial only two days earlier. And the attorney said that he saw no regression in the intervening two days. Nevertheless, Hollman asserts that because this omission failed to preserve the issue of his competence for appellate review, his trial attorney's performance was deficient.

But the "[f]ailure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance." (Citations and footnotes omitted.) *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005). Just two days earlier, the same trial judge who was hearing Hollman's guilty plea had determined that he was competent to stand trial. Hollman presented no evidence that his condition had changed

or deteriorated in the intervening two days. Thus, the trial attorney had no new evidence to present to the trial court, and cannot be deemed ineffective for failing to raise the issue again. Moreover, Hollman bears the burden of showing a reasonable probability that but for his counsel's failure to reassert this issue, he would not have pled guilty in this case. *Hill v. State*, 267 Ga. App. at 357-358. Hollman has failed to meet this burden because he cannot demonstrate a reasonable probability that the judge would have found him incompetent two days after determining that he was competent to stand trial.

Accordingly, we affirm the trial court's denial of Hollman's motion to withdraw his guilty plea.[3]

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 21, 2006.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Ayana C. Curry, Assistant District Attorney*, for appellee.

---

[3] Hollman also asserts that the trial court erred in finding him incompetent to stand trial. But that issue was determined in Case No. 02SC04492, and thus is not currently before us in this appeal.