## A06A0911. COLLIER v. THE STATE.

(637 SE2d 72)

ADAMS, Judge.

Kelvin Collier pled guilty to one count of trafficking in cocaine, one count of possession with the intent to distribute marijuana, and

one count of tampering with evidence.[1] Collier filed this out-of-time appeal to contest the trial court's denial of his motion to withdraw his guilty plea. He asserts that the trial court erred in denying his motion to withdraw because his trial counsel incorrectly assessed that the state's case against him was "strong" and failed to recognize the existence of exculpatory evidence to support his defense. As a result, Collier contends that he was improperly coerced by his attorney to accept the state's offer of a negotiated plea.

Although a guilty plea may be withdrawn at any time before sentencing, Collier had already been sentenced when he filed his motion. Thus his guilty plea could be withdrawn only if Collier proved that the withdrawal was necessary to correct a manifest injustice. *Clue v. State*, 273 Ga. App. 672, 673 (615 SE2d 800) (2005); Uniform Superior Court Rule 33.12 (B). The determination "whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Citation, punctuation and footnote omitted.) *Norris v. State*, 277 Ga. App. 289, 292 (1) (626 SE2d 220) (2006).

"When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the defendant intelligently and voluntarily entered the plea." (Citations omitted.) *Price v. State*, 280 Ga. App. 869 (635 SE2d 236) (2006). The state may meet this burden by showing from the record that Collier understood all of the rights he was waiving and the consequences incurred in entering his guilty plea. *Wells v. State*, 276 Ga. App. 844 (625 SE2d 90) (2005). But because Collier bases his challenge upon a claim of ineffective assistance of counsel, he has the burden under the two-prong test of *Strickland v. Washington*,[2] of showing "that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial." (Footnote omitted.) *Jones v. State*, 268 Ga. App. 101, 101-102 (601 SE2d 469) (2004). Moreover, we must uphold the trial court's finding that Collier was afforded effective assistance of counsel unless it is clearly erroneous. *Jones v. State*, 268 Ga. App. 723, 726 (2) (603 SE2d 73) (2004).

Despite the allegations Collier raises in his motion to withdraw his plea, the transcript of his plea hearing demonstrates that the plea was entered voluntarily and that Collier fully understood what he was doing at the time he pled guilty. The record shows that Collier entered his plea on May 10, 2005. At the plea hearing, the prosecutor

---

[1] The trial court adopted the state's recommendation that Collier be sentenced on these charges to a total of thirty years, ten to be served in confinement with the balance on probation, and a mandatory $200,000 fine. In addition, Collier was banned from Cobb County during the term of his sentence.

[2] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

recited the factual basis underlying the plea, stating that, after receiving several complaints about possible drug activity, Marietta police knocked on the door of an apartment in Marietta on October 12, 2004. After some time, the door was opened by Collier's co-defendant, Jolanceke Dean Freeman, who allowed the officers to come inside. Freeman told police that Collier was in the bathroom and led them down a hallway and through a bedroom to the bathroom door. Just outside the bathroom, the officers observed a dresser drawer lying on the bedroom floor, exposing a baggie containing what was later identified as eight rocks of crack cocaine. Hearing movement inside the bathroom, police knocked on the bathroom door. Collier emerged from the bathroom, and the officers discovered that the toilet was stopped up with a black plastic bag filled with what appeared to be drugs. The items recovered from the bag were later identified as three $40 slabs of cocaine and twelve individually packaged baggies of marijuana. The officers later discovered "several hundreds of dollars stuffed in the sofa" and various other hiding places, three scales, and materials for packaging drugs.

The prosecutor provided Collier with police and Georgia Bureau of Investigation reports showing that the contraband seized from the apartment was analyzed and determined to consist of 1.2775 ounces of marijuana and 29.44 grams of an illegal cocaine mixture. Collier's attorney stated that both he and Collier had reviewed this evidence. The prosecutor then outlined the terms of the negotiated plea with Collier and noted on the record that Collier's co-defendant, Freeman, had earlier pled guilty to the charges. Thus, Collier was informed of the charges and evidence against him as well as the terms of the negotiated plea as required by USCR 33.7, 33.8 and 33.9.

The trial court then made inquiry as to Collier's mental state, his education, and his understanding of the charges and potential penalties. The court asked whether anyone had made any threats or promises in connection with the plea, and Collier responded that no one had. The trial court outlined Collier's constitutional rights, and Collier stated that he understood his rights and further understood that by pleading guilty, he was giving up those rights. Collier indicated that he consulted with his attorney about the charges in the case and that he was satisfied with the representation his attorney had provided him. He also stated that he understood that the trial court was not bound by the terms of the negotiated plea agreement in sentencing him. Based upon this record, the trial court determined on the record that Collier's plea was freely, voluntarily and knowingly made and that a factual foundation existed for the plea.

Nevertheless, Collier contends that he was wrongly coerced into entering into the plea by his trial attorney's mistaken assessment of the evidence against him. In particular, he asserts that his attorney

did not properly consider the exculpatory evidence in the case, including evidence that Collier did not live in the apartment in which the drugs were found and Freeman's written statement that Collier had no knowledge of the drugs being in the apartment. Pretermitting the issue of whether Collier properly raised this issue before the trial court below, we find that Collier failed to meet his burden under *Strickland* of showing that he received ineffective assistance of counsel.

At the hearing on the motion to withdraw, Collier's trial attorney testified that he met with Collier three to four times prior to the plea hearing. They reviewed and discussed the state's evidence against him. He stated that he felt that the state had a "strong" case against Collier. While acknowledging that Collier potentially had an equal access defense because he did not live in the apartment, the attorney noted that police had found Collier locked in the bathroom with the drugs. Collier was the only one in the back of the apartment with the drugs. He was in the room where the six to seven pieces of cocaine and the marijuana were found. Moreover, in order to get into the bathroom, Collier had to walk through the room where the other drugs were found. The lawyer explained the law of possession to Collier, and he felt that Collier understood, although he did not like the law's application to his case.

The attorney also reviewed Freeman's statement with Collier, but informed Collier of his belief that the statement would have very little impact. While Freeman stated that Collier had no knowledge of the drugs, he stopped short of taking responsibility for the drugs himself. Thus an issue remained as to whom the drugs belonged. He felt that neither Freeman's testimony nor the testimony of other witnesses stating that Collier did not live in the apartment would be enough to exonerate Collier of the charges against him.

The attorney stated that Collier made the decision to plead guilty and that he did not coerce him into making the plea. He felt that Collier did not want to go to trial, but acknowledged that Collier was not entirely happy with the plea the state offered. He was hoping for a lesser sentence. Collier testified, however, that he did not understand either the law or evidence against him. He stated he felt pressured by his attorney to take the plea and argues that he would not have pled guilty if proper consideration had been given to the witness statements on his behalf.

"Duress is a question of fact for the trial court to resolve, and we will only reverse the trial court's decision on this matter upon a showing of an abuse of discretion." (Footnote omitted.) *Jones v. State*, 268 Ga. App. at 102-103 (1). The evidence at the hearing supports a conclusion that any coercion Collier may have experienced in connection with the guilty plea arose from the circumstances in which he

found himself, not from any deficiency in his trial counsel's performance. See *Zellmer v. State*, 257 Ga. App. 346, 348 (2) (571 SE2d 174) (2002). Accordingly, we find no abuse of discretion in the trial court's denial of his motion to withdraw.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 22, 2006.

*Conaway & Strickler, Ann M. Fitz*, for appellant.

*Patrick H. Head, District Attorney, H. Maddox Kilgore, Amy H. McChesney, Assistant District Attorneys*, for appellee.