## A09A0310. BOYKINS v. THE STATE.
### (680 SE2d 665)

ADAMS, Judge.

Curtez Boykins appeals from the denial of his motion to withdraw his guilty plea. We affirm.

As to this issue, the record shows that Boykins was fifteen years old at the time he entered a negotiated plea to two counts of armed robbery.[1] Boykins subsequently sought to withdraw his plea, arguing that he did not fully understand the nature and consequences of his plea at the time he made it and that his plea was not freely and voluntarily entered because as a juvenile, he felt threatened and intimidated by his court-appointed attorney to enter his plea. The trial court denied Boykins' motion to withdraw his plea, and this appeal followed.

1. Boykins argues that because aspects of contract law apply to plea negotiations, his guilty plea was voidable as a matter of law pursuant to OCGA § 13-3-20, which provides, in pertinent part, that "[g]enerally the contract of a minor is voidable." The State argues that Boykins waived this argument by failing to make it in the trial court. We agree. Our review of the record shows that Boykins did not make this argument in either his motion to withdraw his guilty plea or during the hearing on his motion. It is axiomatic that we are a Court for the correction of errors raised and ruled upon in the trial court. It follows that Boykins' argument, raised for the first time in his brief on appeal, presents nothing for review. *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005).

Moreover, even if the issue was properly before us, it would be without merit. Our appellate courts have previously recognized the validity of plea agreements involving minors. See, e.g., *Foster v. Caldwell*, 225 Ga. 1 (165 SE2d 724) (1969).

2. Boykins next contends that the trial court erred by denying his motion to withdraw his plea because the evidence presented at the hearing on the motion to withdraw his plea shows that he is cognitively impaired and thus did not fully understand the consequences of entering his plea and because he felt threatened and intimidated by his court-appointed counsel to enter his plea.

> "When a defendant challenges the validity of his guilty plea, the state bears the burden of showing that the plea was made voluntarily, knowingly and intelligently." (Footnote omitted.) *Williams v. State*, 279 Ga. App. 388 (631 SE2d 417) (2006). See also *Johnson v. State*, 260 Ga. App.

---

[1] Boykins was originally charged with four counts of armed robbery and two counts of hijacking a motor vehicle.

YALE LAW LIBRARY

897, 899 (581 SE2d 407) (2003). The state may meet this burden by demonstrating from the record of the guilty plea hearing that the defendant understood all of the rights he was waiving and the possible consequences of his plea. *Wells v. State*, 276 Ga. App. 844 (625 SE2d 90) (2005). But once a defendant has been sentenced, "the question of whether he may withdraw his guilty plea is vested in the sound discretion of the trial court, and the exercise of that discretion will not be disturbed unless it is manifestly abused." (Footnote omitted.) *Williams v. State*, 279 Ga. App. at 389. "The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice. (Footnote omitted.) *Wells v. State*, 276 Ga. App. at 844."

*Hollman v. State*, 280 Ga. App. 53, 54 (1) (633 SE2d 395) (2006).

We find that the transcript from the plea hearing shows on its face that Boykins' plea was entered knowingly, intelligently and voluntarily. Boykins testified at the hearing that he had gone to the ninth grade. He represented that he understood the charges, his rights and the sentences that might be imposed against him. Importantly here, he indicated that no promises or threats had been made to influence him to plead guilty, that he had conferred with his attorney about his case and that his guilty plea was his own free decision after conferring with his attorney. He further indicated that he had authorized and instructed his attorney to enter his guilty plea and that he was satisfied with the services of his attorney. And Boykins responded in the affirmative when asked if he was guilty of the crimes to which he was entering his plea.

Moreover, the record contains a guilty plea questionnaire which Boykins executed under oath, confirming that he understood the nature of the charges against him; that there was a factual basis to support the charges; that he was waiving all of his rights, which were explained to him on the form; and that he was satisfied with his plea attorney, who had conferred with him about the charges against him. Boykins also indicated on the form that his plea was not induced by any promise or threat and that he was freely entering his plea after conferring with his attorney. Lastly, the form contained two questions to be answered by the plea attorney, who indicated affirmatively that Boykins had been informed of his rights and those rights had been explained to him and that he understood the consequence of a guilty plea. The record also contains a guilty plea statement executed by Boykins, which again advised Boykins of the rights he was waiving by entering his plea, the charges to which he was entering his plea, and, inter alia, the following statement, portions of

which were in bold print: "I believe that my lawyer has competently done all that anyone could do to counsel and assist me, and I AM SATISFIED WITH THE ADVICE AND GUIDANCE HE HAS GIVEN ME."

Although Boykins now argues that he pled guilty only because he felt "boxed in" by his attorney to do so after he was not allowed to talk to his parents, "[a]ny conflict[s] between [Boykins'] testimony at the withdrawal hearing and his testimony at the plea hearing [and executed plea questionnaire and statement] 'is a matter of witness credibility, which the trial court was authorized to decide against him.' " (Footnotes omitted.) *Likely v. State*, 293 Ga. App. 484, 487 (667 SE2d 648) (2008). Likewise, any question of duress was a question of fact for the trial court to resolve, and we will reverse the trial court's decision on this issue only upon a showing of an abuse of discretion. *Frost v. State*, 286 Ga. App. 694, 697 (1) (649 SE2d 878) (2007); *Collier v. State*, 281 Ga. App. 646, 650 (637 SE2d 72) (2006).

Thus the record, including the transcript of the plea hearing and the plea questionnaire and plea statement, affirmatively shows that Boykins' plea was voluntarily, knowingly and intelligently entered. The trial court did not abuse its discretion by denying Boykins' motion to withdraw his plea on this basis.

3. Lastly, Boykins contends his plea counsel was ineffective. However, our review shows that Boykins, who was represented by new counsel at the time he filed his motion to withdraw his plea, did not raise counsel's ineffectiveness below, arguing instead that his plea was not freely and voluntarily entered because he felt threatened and intimidated by his plea counsel to plead guilty. An ineffective assistance of counsel claim must be raised at the first practicable moment. *Wilcox v. State*, 236 Ga. App. 235, 239 (4) (511 SE2d 597) (1999).

> If the opportunity to present such a claim was available, the failure to seize that opportunity is a procedural bar to raising that issue at a later time. . . . In this case, [Boykins], through his new counsel, could have raised an ineffectiveness claim at the hearing on his motion to withdraw his guilty plea. However, he chose not to do so. Thus, the issue has been waived.

(Citations and punctuation omitted.) Id. at 239. See also *Battle v. State*, 269 Ga. App. 757, 758 (1) (605 SE2d 391) (2004) (additional grounds in support of claim of ineffectiveness of plea counsel not raised and ruled upon in trial court will not be considered on appeal).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JULY 1, 2009.

*Stahlman & Engelberger, Jill E. Stahlman, Lorraine R. Silvo*, for appellant.

*Patrick H. Head, District Attorney, Grady A. Moore, Amelia G. Pray, Assistant District Attorneys*, for appellee.