**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 22, 2013**

# In the Court of Appeals of Georgia

A13A0766. RIVAS v. THE STATE.                          DO-028 C

DOYLE, Presiding Judge.

Ford Paul Rivas appeals from the trial court's denial of his motion to withdraw his negotiated guilty plea to aggravated assault[1] and cruelty to children in the third degree.[2] Rivas contends that the trial court erred by denying his motion because his plea counsel failed to inform him that one of the witnesses against him would not have testified to the facts necessary to convict him of the crimes, and therefore, his plea was not knowing or voluntary. For the reasons that follow, we affirm.

Rivas was indicted on two counts of aggravated assault, two counts of terroristic threats, one count of cruelty to children in the third degree, and one count

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-5-70 (d) (2).

of obstruction of an officer based on a May 6, 2010 incident, during which Rivas, after arguing with his mother, Charlotte Rivas, inside of her home, exited the house and pointed a firearm at Charlotte's neighbor, Wanda Simpson, who had earlier called police after hearing what she believed to be gunshots and screaming. Simpson stated that Rivas threatened to shoot her, and Charlotte told officers that Rivas had likewise threatened her inside the house, which incident took place in front of Rivas's minor child.

Rivas's plea counsel entered into negotiations with the State, which agreed to file a motion for nolle prossiqui on one charge of aggravated assault, the two terroristic threats charges, and the charge of obstructing an officer if Rivas pleaded guilty to the remaining two charges. Based on this agreement, Rivas pleaded guilty.

Thereafter, Rivas filed a motion to withdraw his guilty plea, which the trial court denied after two hearings at which Rivas, Charlotte, and Rivas's plea counsel testified.

Rivas argues that the trial court erred by denying his motion to withdraw his guilty plea.

A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a

manifest abuse of such discretion. When the validity of a guilty plea is challenged, the [S]tate bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. The State must show that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea. After a defendant's sentence has been pronounced, his guilty plea may be withdrawn only to correct a manifest injustice. The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.[3]

As an initial matter, our review of the plea hearing establishes that Rivas was appropriately apprised of his rights prior to entering the guilty plea,[4] Rivas was satisfied with his plea counsel's advice, and Rivas had discussed the case with counsel. Additionally, the court informed Rivas of the potential range of punishment for each charge, and Rivas indicated that pleading guilty was in his best interest

---

[3] (Citations and punctuation omitted.) *Williams v. State*, 318 Ga. App. 744, 745 (734 SE2d 745) (2012).

[4] See *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SCt 1709, 23 LE2d 274) (1969) (holding that a defendant entering a guilty plea must be advised that he is waiving his right against compulsory self-incrimination, right to trial by jury, and right to confront his accusers). See also *Childs v. State*, 311 Ga. App. 891, 891-892 (1) (717 SE2d 509) (2011).

because he believed there was a likelihood he would be convicted if he went to trial. The State provided a factual basis for the plea, at which point the prosecutor stated the facts as summarized above. Prior to Rivas actually entering his plea with the court, the prosecutor explained that Rivas's mother and father had spoken to him previously and wanted the charges against Rivas dropped, and the two had indicated at Rivas's bond hearing that the incident had not occurred, but that Simpson appeared at the plea hearing and testified in support of the prosecutor's factual basis.

1. To the extent that Rivas contends that his plea was not knowing and voluntary because he was not aware that his mother, Charlotte, would have testified that he did not commit aggravated assault against her in front of his daughter and that he did not point a firearm at Simpson, his argument is without merit. As stated above, the plea hearing indicates that Rivas had consulted with his attorney and was advised that he was giving up his right to call witnesses in his own defense at trial. Moreover, the prosecutor explained prior to Rivas's entry of his guilty plea that Charlotte and Rivas's father had attempted to persuade the State to drop the charges against Rivas and had stated at Rivas's bond hearing that the incident did not occur. Accordingly, "the trial court was authorized to reject [Rivas's] self-serving testimony during the

hearing on his motion to withdraw the plea and find that he entered [the plea] knowingly and voluntarily."[5]

2. To the extent that Rivas has articulated a claim of ineffective assistance of plea counsel based on his claim that counsel failed to explain that Charlotte would testify on his behalf at the time he entered the plea, we find no error in the trial court's denial of his motion to withdraw his guilty plea.

> All criminal defendants, including those who waive their right to trial and enter a guilty plea, are entitled to effective legal assistance. In order to show a constitutional violation of this Sixth Amendment right, a defendant must (1) establish that his counsel's performance fell outside the range of competence for attorneys in criminal cases and (2) establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[6]

---

[5] (Punctuation omitted.) *Wells v. State*, 276 Ga. App. 844, 845-846 (625 SE2d 90) (2005).

[6] (Punctuation omitted.) *Hollman v. State*, 280 Ga. App. 53, 58 (2) (633 SE2d 395) (2006).

Even assuming that plea counsel failed to confirm that Rivas was aware that Charlotte would testify on his behalf at trial,[7] Rivas has failed to establish that any such failure was ineffective. Simpson testified at the plea hearing to the events in question, the State would have been able to cross-examine Charlotte with her prior inconsistent statements to police, and Rivas was able to avoid four of the original six charges by so pleading.[8] Accordingly, we discern no error.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[7] We note that the transcript of the plea hearing contradicts Rivas's contention that he was unaware of Charlotte's attempt to have the charges dropped and her statements at the bond hearing that the subject incident did not occur.

[8] See id. at 58-59 (2).